47 N.J. Super. 444 (1957)
136 A.2d 51
SYLVANIA ELECTRIC PRODUCTS, INC., A MASSACHUSETTS CORPORATION, PLAINTIFF,
v.
JOSEPH FULMER AND MILDRED FULMER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 7, 1957.
*445 Mr. Selwyn Schechter, attorney for plaintiff.
Mr. Louis Lando, attorney for defendants.
SULLIVAN, J.S.C.
On June 4, 1956 the plaintiff herein obtained a default judgment in the Superior Court of New Jersey against Barry Products Corp., a New Jersey corporation. The judgment is for $1,804.62, together with costs. The defendants in this suit, Joseph Fulmer and Mildred Fulmer, are the president and secretary respectively of Barry Products Corp., the judgment debtor. On June 18, 1957 the attorney for the judgment creditor, the plaintiff herein, wrote a letter to the defendant Joseph Fulmer requesting him to file a certificate of paid-in capital for the corporate debtor. The letter is as follows:
*446
 "June 18, 1957
 Mr. Joseph Fulmer
 Barry Products Corp.
 Springfield, N.J.
 Re: Sylvania Electric
 Products, Inc.
 unpaid judgment-$1,790
Dear Sir:
The writer has been retained as substituted attorney to effect collection of the above matter.
It is my attention to procede forthwith with all available and proper legal procedures to enforce payment of this judgment.
Accordingly, it is suggested you contact this office at once and arrange for adjustment of this matter.
In order to aid the above named creditor in ascertaining the assets of Barry Products Corp., you are requested to file a Certificate of Paid In Capital for said debtor corporation of which you are the principal officer.
 Very truly yours,
 CERTIFIED
 RETURN RECEIPT REQUESTED"
Joseph Fulmer receipted for the letter personally on June 22, 1957. He did not comply with the request therein contained and did not file a certificate of paid-in capital. Because of such failure the plaintiff now seeks to hold said defendant personally liable for the corporate obligation and relies on N.J.S.A. 14:8-16, which provides as follows:
"Upon payment of each installment of capital stock, and of every increase thereof, the president or a vice-president and the secretary or treasurer shall make a certificate stating the amount of the capital so paid and whether paid in cash or by the purchase of property. This certificate shall be signed and sworn to by the president or such vice-president and the secretary or treasurer, and shall be filed in the office of the Secretary of State, within 10 days after such payment.
If any of such officers neglect or refuse so to do for 30 days after written request so to do by a creditor or stockholder of the corporation, they shall be jointly and severally liable for all its debts contracted before the filing of such certificate." (As amended, L. 1955, c. 154, p. 648, § 1.)
Plaintiff has abandoned its claim against defendant Mildred Fulmer, conceding that no proper request was made of her.
*447 There is no factual dispute whatever. It is admitted that Joseph Fulmer is president of Barry Products Corp. and that plaintiff is a judgment creditor of said corporation. It is also admitted that Joseph Fulmer received the letter of June 18, 1957, and did not within 30 days thereafter file a certificate of paid-in capital, although requested to do so.
The principal defense asserted is that the statute on which the action rests is penal in nature and should be strictly interpreted. Defendant points out that the request to file the certificate of paid-in capital, contained in the letter of June 18, 1957, is addressed to him as the principal officer of the corporation rather than as president. This is no defense. The statute, supra, does not require any particular form or terminology. The defendant was fairly apprised, by the letter of June 18, 1957, of what he was being requested to do and in what capacity. The defendant next says that the request failed to put him on notice of the penalties that would result from his failure to comply. The answer to this, of course, is that the statute does not oblige the creditor to include in its request a warning or notice of what the consequences of a failure to comply would be. As a matter of fact, in 1954 this very section of the Corporation Act, N.J.S.A. 14:8-16, was attempted to be amended so as to make it incumbent on the creditor to inform the corporate officer of the personal liability that will be visited upon him if he failed to file the certificate for thirty days after receiving the request. The bill, Senate Bill 338 (1954), passed both houses but was vetoed by the Governor who, while approving the revisions of "a severely punitive statute," felt that the bill unconstitutionally attempted to invalidate certain judgments entered prior to the effective date of the act. See veto message dated August 2, 1954, attached to Senate Bill 338 (1954). The bill was thereafter re-introduced but died in committee.
It may well be that the severe penalties imposed by N.J.S.A. 14:8-16 should be called to the attention of corporate officers who are subject to them. The matter, however, is one for legislative action.
*448 Finally, defendant makes the point that the plaintiff extended credit to Barry Products Corp. and obtained its default judgment long before any request was made of the defendant to file a certificate of paid-in capital, and since plaintiff has not been prejudiced by the defendant's failure to comply with the statute, there are no damages that it can hold the defendant liable for. This defense is also without merit. The statute is punitive in nature and liability thereunder does not depend on plaintiff's showing that it has suffered damage as a result of the failure to file the certificate. 19 C.J.S. Corporations § 895, p. 313:
"Being absolute, liability is not dependent on the corporation's insolvency, nor on the creditor's being misled, imposed on, or injured by the default. It exists on violation of the statute, notwithstanding a creditor seeking to enforce the same was fully informed of the financial condition of the corporation."
For the reasons heretofore given, it follows that the defendant Joseph Fulmer is personally liable for the debt owed to plaintiff by Barry Products Corp.
Jurisdiction is in the Chancery Division by virtue of R.R. 4:41-2 and the original provisions of N.J.S.A. 14:7-8 dealing with the personal liability of officers for corporate debts.