72 N.J. Super. 269 (1962)
178 A.2d 111
NEW JERSEY SIGN ERECTORS, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
JOSEPH COCUZZA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Heard January 18, 1962.
Decided January 31, 1962.
*270 Messrs. Schapira and Farkas argued the cause for the plaintiff (Mr. Chris Franzblau, of counsel).
Messrs. Goldberger and Ostrow argued the cause for the defendant (Mr. Sheldon Siegel, of counsel).
CONKLIN, J.S.C.
This case involves the interpretation of R.S. 14:8-16 as amended. The plaintiff recovered a judgment in the Superior Court, Law Division, against Nite-Cap Club, Inc., a New Jersey Corporation, of which corporation the defendant, Joseph Cocuzza, was an officer. The attorney for the plaintiff wrote Cocuzza and demanded that he file a certificate of "payment of capital stock." The said demand which was posted on April 12, 1960 was defective. Aware of the deficiency in this demand, a second demand was made on April 21, 1960, and mailed to the residence address of Joseph Cocuzza. From the oral testimony adduced at the hearing, it appears that the premises where the receipt was signed consist of a building with three apartments, each of which is occupied by a branch of the Cocuzza family. Defendant's wife testified that she did receive the notice of April 12, signed for the same, and delivered it to her husband, but that on April 21, upon receipt of the second notice, she delivered it unopened to a brother of the defendant. This testimony, uncontroverted, together with the certified mail receipts, would indicate that although the notice and demand were mailed, *271 a proper demand was not personally received by the defendant.
The statute in question, N.J.S.A. 14:8-16, is a short section of the Corporation Act, which provides as follows:
"Upon payment of each installment of capital stock, and of every increase thereof, the president or a vice-president and the secretary or treasurer shall make a certificate stating the amount of the capital so paid and whether paid in cash or by the purchase of property. This certificate shall be signed and sworn to by the president or such vice-president and the secretary or treasurer, and shall be filed in the office of the Secretary of State within 10 days after such payment.
If any of such officers neglect or refuse so to do for 30 days after written request so to do by a creditor or stockholder of the corporation, they shall be jointly and severally liable for all its debts contracted before the filing of such certificate."
This statute is penal in nature and imposes liability upon a corporate officer for failure to comply with the said statute. Its application makes the corporate officer liable for the debt of the corporation. It is observed that the New Jersey courts have consistently held that a statute penal in nature must be construed strictly. Sylvania Electric Products, Inc. v. Fulmer, 47 N.J. Super. 444 (Ch. Div. 1957); Rizzo, Inc. v. Alatsas, 27 N.J. 400 (1958).
There is no case in New Jersey interpreting the manner in which service should be made in application of the foregoing statutory provision. It is reasonable to assume that when a legislative fiat, in derogation of the common law, imposes personal liability upon an individual who is an officer of a corporation, said individual should be given actual notice of a cause of action ensuing from said statute. The obligation is upon the plaintiff to prove that actual notice was received before liability may be imposed.
The plaintiff has failed to sustain the burden of proving that actual notice was received by the defendant and, therefore, judgment will be entered in favor of the defendant.
Let an order be entered in conformity with the above.