53 N.J. Super. 600 (1959)
148 A.2d 47
PORTAGE SHOE MANUFACTURING CO., DIVISION OF WEYENBERG SHOE MANUFACTURING CO., A WISCONSIN CORPORATION, PLAINTIFF-APPELLANT,
v.
MILTON REICH, HAROLD WEXLER, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1959.
Decided January 26, 1959.
*601 Before Judges PRICE, HALL and GAULKIN.
Mr. Selwyn Schechter argued the cause for plaintiff-appellant.
Mr. Joseph V. Cullum argued the cause for defendants-respondents.
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff sued Vogue Shoe Center, Inc. for $2,118.71 for goods sold and delivered. In *602 a separate count, plaintiff sued defendants Reich and Wexler for said sum on the ground that (to quote the complaint) "Plaintiff did request defendants to file a Certificate of Paid In Capital for said debtor corporation," defendants failed to file it, "and said defendants are therefore jointly and severally liable for the debts of said Vogue Shoe Center, Inc. * * * R.S. 14:8-16."
Judgment by default was entered against Vogue Shoe Center, Inc. (hereafter called Vogue), but summary judgment was entered in favor of defendants Reich and Wexler. The trial judge gave as one of the reasons for the entry of summary judgment that the "request" which plaintiff relied upon was not sufficiently clear and definite to meet the requirements of the statute. Plaintiff appeals.
We agree with the trial judge that the "request" was insufficient.
R.S. 14:8-16, as amended L. 1955, c. 154, provides:
"Upon payment of each installment of capital stock, and of every increase thereof, the president or a vice-president and the secretary or treasurer shall make a certificate stating the amount of the capital so paid and whether paid in cash or by the purchase of property. This certificate shall be signed and sworn to by the president or such vice-president and the secretary or treasurer, and shall be filed in the office of the Secretary of State, within 10 days after such payment.
If any of such officers neglect or refuse so to do for 30 days after written request so to do by a creditor or stockholder of the corporation, they shall be jointly and severally liable for all its debts contracted before the filing of such certificate."
Each defendant received a letter from plaintiff's attorney, addressed to Vogue as well as to him "c/o The Vogue Shoe Center, Inc.," which read as follows:
Re: Portage Shoe Manufacturing Company Division of Weyenberg Shoe Manufacturing Co. vs. The Vogue Center, Inc. The Vogue Shoe Center, Inc. $2,118.71
Dear Sir:
Since you have chosen not to dispose of this matter amicably, I have been requested to take legal action against you.
*603 If suit is instituted, your obligation will be increased by the amount of court costs involved. It is therefore suggested that you communicate with this office at once to arrange for voluntary payment of this obligation of The Vogue Shoe Center, Inc.
You are requested as a principal officer of The Vogue Shoe Center, Inc., and/or The Vogue Center, Inc., to file a Certificate of Paid In Capital for said debtor corporation.
Very truly yours,
(Whenever emphasis appears in this opinion, it is ours.)
What is a sufficient "request" under this statute has been involved in two recent cases  Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400 (1958) and Sylvania Electric Products, Inc. v. Fulmer, 47 N.J. Super. 444 (Ch. Div. 1957). In the Rizzo case plaintiff had recovered judgment against Meridian Development Corporation. Plaintiff then served upon the officers of that corporation the following writing:
"Demand is hereby made on behalf of Frank Rizzo, Inc., that you file, within 30 days from the receipt of this letter a certificate in the office of the Secretary of State, stating the total amount of capital paid into the Meridian Development Corporation and whether it was paid in cash or by the purchase of property."
It is to be noted that in the Rizzo case (1) judgment had already been recovered by the plaintiff against the Meridian Development Corporation, so the addressee could not have been misled into believing that this demand was a threat to sue the corporation; (2) there was no language in the letter other than that quoted above  hence nothing to divert the attention of the addressee from the demand that a certificate be filed; (3) the demand identified the type of certificate required by stating, substantially, what the statute said such a certificate should contain, and when and where it was to be filed. The record and the briefs in the Rizzo case show that the sufficiency of the demand was argued before the Supreme Court, and the Sylvania case was cited. Since the Supreme Court sent the case back for trial upon other issues, we must assume that the court found the demand sufficient. Nevertheless, it is significant that the court preferred *604 to give its approval sub silentio, without mentioning the issue or citing the Sylvania case.
The "request" in the case at bar falls far short of the "demand" in the Rizzo case. Appellant admits that the language of the letter sent to defendants here is substantially different than that in the demand in Rizzo, but, says appellant, it is similar to that which was approved in the Sylvania case. Without passing upon the sufficiency of the request in the Sylvania case, we would point out that even in Sylvania the request was less likely to mislead the addressee than the one now before us. As in Rizzo, Sylvania already had its judgment against the Barry Products Corporation. The letter from Sylvania's attorney did not (as it did here) divert the attention of Fulmer with threats of suit against the corporation. It warned Fulmer that the attorney was intent upon collecting the judgment and, "in order to aid the abovementioned creditor in ascertaining the assets of Barry Products Corporation, you are requested to file a Certificate of Paid In Capital for said debtor corporation * * *."
In the case at bar the request did not give the specific what, when and where directions contained in the demand in the Rizzo case, nor the clue to what was requested which might have been found in the Sylvania case. On the contrary, even if it were not intentional, the request here was downright misleading. The first sentence of the letter threatened suit against Vogue and not against the officer (and, in fact, suit was started six weeks later). This was fortified by the second sentence  "If suit is instituted, your obligation will be increased by the amount of court costs"  a statement which, at the date of the letter, could apply only to the corporation, for at that time the officer was under no obligation to plaintiff. The first two paragraphs of this three paragraph letter plainly meant that it was not intended to hold the officer liable, but the corporation.
The last paragraph of the letter cannot be accepted as sufficient notice to trigger liability under the statute, especially when read in the context of the two preceding *605 paragraphs. It did not refer to the statute; nor did it describe, in language recognizably drawn from the statute, the requested certificate, as the demand in Rizzo attempted to do. What is a "certificate of paid in capital"? No certificate by that name is mentioned anywhere in the statute. A lawyer may know what is meant by that, and where it is to be filed and when, but what is a layman to make of such a name?
In the Rizzo case, supra, the court said (27 N.J. at page 405):
"* * * The statute involved in effect imposes a penalty. It is sufficiently penal in character to require a strict construction and thus to impose its burden only when there has been a manifest noncompliance. * * * The critical words by which liability is to be gauged are `neglect or refuse.' In the context and weighted with the rule of strict construction, `neglect' signifies more than mere failure or omission. It connotes a wilful failure to discharge, or a reckless indifference to, a known obligation. * * *"
The statute could have made the officers personally liable for failure to file such a certificate without any prior demand upon them that they do so. The fact that the statute does require a prior request clearly indicates that the Legislature intended that the request plainly make known to the officers their obligation, i.e., what it is they are to do, and when and where. In the absence of express provision, the form and contents of a notice required by a statute are dependent upon the wording of the statute construed in the light of its intent and purpose.
"Generally speaking, when a formal notice is required, it should give the necessary information, and must apprise the person whose rights are to be affected of what is required of him * * * a notice must be clear, definite, and explicit, and not ambiguous. The notice is not clear unless its meaning can be comprehended without explanation. * * *"
66 C.J.S. Notice § 16, pp. 653-654. The request here falls far short of that standard.
For the foregoing reasons the judgment is affirmed.