STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, APPELLANT, v. TOWNSHIP OF SOUTH HACKENSACK, *ETC.*, *ET AL.*, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 22, 1970—Decided October 1, 1970.

Before Judges KILKENNY, LABRECQUE and LEONARD.

*Mr. William J. McCormack,* Deputy Attorney General, argued the cause for appellant (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Edward D. McKirdy,* Deputy Attorney General, on the brief).

*Mr. Ralph W. Chandless* argued the cause for respondents (*Messrs. Chandless, Weller & Kramer,* attorneys).

The opinion of the court was delivered by

LABRECQUE, J. A. D.   In this condemnation case the State, by the Commissioner of Transportation, appeals from a judgment awarding defendant Township of South Hackensack (the township) $26,650 for land taken by the State in connection with the construction of Interstate Route 80, a limited access freeway running in a general westerly direction from the George Washington Bridge.

The present proceedings were instituted pursuant to the Eminent Domain Act, *N. J. S. A.* 20:1–1 *et seq.,* to fix just compensation for two parcels of land which lay athwart the path of the new freeway, parcel 205 containing 16,150 square

feet, and parcel 206, 5,173 square feet. The State sought a fee simple absolute in both parcels. *N. J. S. A.* 27:7-22.2. They were located in the South Hackensack industrial park, located immediately east of the New Jersey and New York branch of the Erie-Lackawanna Railroad, and comprised a right-of-way occupied by railroad freight tracks and switches utilized by the Industrial Commission of the Township of South Hackensack to connect the industries in the area with the railroad. Since there was to be no access to Route 80, the result of the taking was to entirely sever that railroad siding.

Following other litigation between the parties, which culminated in an order directing the commissioner to proceed with condemnation, the present action was instituted on February 23, 1967. The Condemnation Commission awarded $25,325 for parcel 205 and $2,586.50 for parcel 206. The State thereupon appealed to the Law Division where a unanimous award of $23,030 for parcel 205 and $3,620 for parcel 206 was returned by the jury. The present appeal followed.

The State raises two points, which may be briefly summarized as follows: (1) since each parcel of land taken comprised what had originally been the bed of a public street no compensation was recoverable and (2), if compensation was recoverable, the fact that the lands taken were dedicated to public use precluded an award for their fair market value.

I

In urging that no compensation whatever was payable the State relies upon *State Highway Commissioner v. Elizabeth,* 102 *N. J. Eq.* 221 (Ch. 1928), aff'd 103 *N. J. Eq.* 376 (E. & A. 1928). We hold the facts in that case to be clearly distinguishable from those here. There the court was dealing with the "Spring Street Route" which was followed by the State Highway Commission in constructing State Highway Route 25 through the City of Elizabeth. The award sought

in that case was not, as here, for the physical taking of the bed of a cross street which resulted in a permanent severing of the cross street with no access therefrom to the new highway. It is likewise clear that the comments of the Vice Chancellor in that case, on which the State relies, were in no wise essential to its adjudication. See *State v. Cooper,* 24 *N. J.* 261, 269 (1957), *cert.* den. 355 *U. S.* 829, 78 S. Ct. 41, 2 L. Ed. 2d 42 (1957). On the contrary, the property actually involved was not the bed of a street but property owned in fee and used as a corporation yard by the City of Elizabeth for which the State had offered to pay. The court assumed it to be held in the city's private or proprietary capacity, as to which it concluded that "the municipality stands in the same position as any private individual or corporation." 102 *N. J. Eq.* at 226–227.

■ Under the State's theory, a municipality would be left without remedy in a situation where, in laying out a State highway, each intersecting street in the municipality was severed and left without access to the new highway. We need not determine to what extent *State Highway Commissioner v. Elizabeth* may be applicable to a situation where the State adopts the alignment of a city street for a State highway. Assuming that the railroad siding was constructed on the bed of dedicated streets, we hold only that it was never intended to eliminate the requirement of compensation for the taking in fee of such portion of the bed of such streets as lay across the proposed alignment of a new State highway and would be left without access to the new highway when the latter was completed.

We are satisfied that the point raised is controlled by *State v. Cooper, supra.* In that case, the State Highway Commissioner sought a declaratory judgment that the Borough of Fort Lee was entitled to no compensation for the taking of publicly maintained park lands bordering on Hudson Terrace. In 1851, a filed map had shown, in addition to a building lot subdivision, an area, designated as a "Public Square," which area had been maintained by the borough as

a tax exempt public park overlooking the New York sky-line. In the course of construction of the Palisades Inter-state Parkway, the commissioner sought to acquire the entire area in fee simple absolute for public use without payment of compensation. Named as defendants in the suit were both the borough and the successors in interest of the original owner-dedicator.

The court there held that, notwithstanding the prior dedication of the plot to public use, *State Highway Commissioner v. Elizabeth, supra,* did not authorize its taking without payment of compensation, and though it found that Fort Lee held only "a sort of secondary title in trust for the purposes of the dedication," it directed the commissioner to proceed to acquire title under the Eminent Domain Act, *N. J. S. A.* 20:1–1 *et seq.,* and to pay compensation for the undivided fee absolute. 24 *N. J.* at 271.

The State seeks to distinguish *State v. Cooper* on the ground that it involved a public park rather than a highway. We are satisfied that the rationale underlying it is equally applicable here.

The State's argument assumes that Georgia and Florida Streets had previously been dedicated to public use by a prior owner. See *Highway Holding Co. v. Yara Engineering Corp.,* 22 *N. J.* 119, 125–26 (1956); *N. J. Highway Authority v. Johnson,* 35 *N. J. Super.* 203, 211 (App. Div. 1955). There was some proof that these streets were delineated on a map filed in 1914, and that, in 1948, the owner had conveyed additional land to the township for widening them. Assuming it to have been so established, formal acceptance by resolution of the offer of dedication was not necessary, but acceptance could be shown by acts of dominion and control exercised over it by the local governing body, provided such acceptance was unequivocal, clear and satisfactory. *Sarty v. Millburn Tp.,* 28 *N. J. Super.* 199, 205–206 (App. Div. 1953); see also *Velasco v. Goldman Builders, Inc.,* 93 *N. J. Super.* 123, 138 (App. Div. 1966); *Schmidt v. Spaeth,* 82 *N. J. L.* 575, 578 (E. & A. 1911). It could

be shown by either direct or circumstantial evidence. *Sarty v. Millburn Tp., supra,* at 206.

Counsel for the township does not dispute the State's contention that the streets in question were originally dedicated for street purposes. While there was no proof of formal acceptance of the dedication, it clearly appeared that the township either directly or through its industrial commission, had been and still was using the bed of both streets as the right-of-way for a rail freight line serving plants in the South Hackensack industrial park. This qualified as an acceptance for public use, and was no less so because the actual use of the area taken was currently restricted to freight cars serving only a portion of the public. See *Weehawken Tp. v. Erie Railroad Co.,* 20 *N. J.* 572, 581–582 (1956); *cf. People's Traction Co. v. Atlantic City, etc., Railroad Co.,* 71 *N. J. L.* 134, 135 (1904). There is no challenge to the township's right to use the lands taken for railroad freight purposes. Other streets presumably furnished access to the area by car and truck. If those industries requiring rail service were to move away, there was nothing to prevent the township from removing the tracks and resurfacing the streets in question for the use of motor vehicles to serve such industries as would replace them.

II

The State excepted to that portion of the court's charge in which the jury was instructed that it was not to be concerned as to the extent of the township's title, *i. e.,* that it possessed less than a fee, and that "The State is taking a fee which means all of the title, and compensation should be in full for all of the title whether, or without regard to who may eventually receive the same, if it is not this particular named defendant, Township of South Hackensack. That would have to be determined in an ancillary proceeding after this. * * * What we want you to do is fix the fair and just award for this particular taking." It argues that, since the

lands in question had been dedicated to public use and the township could not convey them in fee, it was error to permit the jury to bring in a verdict which represented their full value. It concomitantly challenges other rulings of the trial judge which comported with the cited portion of the charge.

Municipalities, no less than private persons, may recover compensation for lands taken by the State for public use, even though such lands may already be devoted to other and different public uses. *Cf. State v. Cooper, supra,* 24 *N. J.* at 270; *Bergen Cty. Sewer Authority v. Little Ferry,* 7 *N. J. Super.* 213, 218 (App. Div. 1950). There can be no question as to the power of the State to acquire a fee simple absolute in lands being condemned for highway purposes, even though there may be outstanding questions as to their ownership. *State v. Cooper, supra,* at 268. Here, the State's determination to acquire the entire fee measured its liability for the payment of compensation. The situation is distinguishable from those cases in which the State acquires only a limited interest in the land. See *Tennessee Gas Transmission Co. v. Maze,* 45 *N. J. Super.* 496 (App. Div. 1957). As was said in *State v. Cooper, supra:*

In the present case the State Highway Commissioner appropriately instituted a condemnation proceeding under the Eminent Domain Act. He joined the borough as well as the successors in interest of Joseph Coyte [the dedicator] and sought the fixing of the just compensation to be paid for the lands he was taking. His rightful concern was with the total value of the fee absolute in the lands, including the "secondary title" (*Hill v. Borough of Belmar* [3 N. J. Misc. 254], *supra*) which the borough held and the "bare legal title" which the successors in interest of Joseph Coyte held (*Hill v. Borough of Belmar, supra*), and *his obligation was to pay just compensation for the undivided fee.* See 4 *Nichols, supra,* §12.36; *Herr v. Board of Education,* 82 *N. J. L.* 610 (*E. & A.* 1912). [24 *N. J.* at 271 emphasis added]

It follows that the jury was properly instructed to bring in a lump sum verdict rather than a separate verdict representing the interest of the township, as representative of the

public, as distinguished from the interests of the dedicator or the adjoining property owners.

█ The State urges that, even so, the value of the township's interest is, at most, nominal and, in any event, could not exceed the cost to the township of furnishing substitute facilities. We disagree. In *State v. Cooper* the court observed:

> In the course of or ancillary to the pending condemnation proceeding of the State Highway Commissioner, the respective values of the secondary title taken from the borough and the bare legal title taken from the successors in interest of Joseph Coyte may justly be fixed. See *R. R.* 4:92. *Cf. New Jersey Highway Authority v. J. & F. Holding Co.*, 40 *N. J. Super.* 309 (*App. Div.* 1956); *State, by and through State Highway Comm. v. Burk*, 200 *Or.* 211, 265 *P.* 2d 783, 805 (*Sup. Ct.* 1954). *On that issue it would appear that, at the actual moment of the taking, the secondary title rather than the bare legal title was the interest of substantial value, for the former then carried with it the actual right of use and enjoyment whereas the latter then carried with it no right of use and enjoyment but merely the possibility of obtaining it if the dedication was improperly abandoned.* [24 *N. J.* at 271–272; emphasis added]

█ In arguing that, since there was no proof that the township was required to replace the land in question either by a new street or railroad siding, no damages were recoverable, the State cites *Boston Chamber of Commerce v. Boston,* 217 *U. S.* 189, 30 S. Ct. 459, 54 L. Ed. 725 (1909); *United States v. Des Moines County, Iowa,* 148 *F.* 2d 448, 160 *A. L. R.* 953 (8 Cir. 1945), *cert.* den. 326 *U. S.* 743, 66 S. Ct. 56, 90 L. Ed. 444 (1945); *United States v. City of New York,* 168 *F.* 2d 387, 389 (2 Cir. 1945); *City of Fort Worth, Texas v. United States,* 188 *F.* 2d 217 (5 Cir. 1951); *State of Washington v. United States,* 214 *F.* 2d 33 (9 Cir. 1954), *cert.* den. 348 *U. S.* 862, 75 S. Ct. 86, 99 L. Ed. 679 (1954); *Franklin County, Georgia v. United States,* 341 *F.* 2d 106 (5 Cir. 1965). The point was not raised in the trial court but we have considered it and find it to be without merit.

██ Initially, we note that the court below was dealing with lands in which parties other than the township may

have had an interest—and which were being used for a special purpose, *i. e.,* to carry railroad sidings. The power to direct the manner in which property may be acquired for public use is vested in the Legislature. *Monmouth County Freeholders v. Red Bank and Holmdel Turnpike Co.,* 18 *N. J. Eq.* 91 *(Ch.* 1866) ; *State Highway Comm'n v. Dover,* 109 *N. J. L.* 303, 306 (E. & A. 1932). Regardless of the procedure or measure of damages prescribed in federal and some other state jurisdictions, our Legislature has ordained that municipally-owned land is to be acquired for state highway purposes by gift, devise or purchase, "or by condemnation in the manner provided in chapter 1 of the Title Eminent Domain (§ 20:1–1 *et seq.).*" *N. J. S. A.* 27:7–22, 27:7–23. The Eminent Domain Act requires compensation to be paid to the owner according to the "just value" of the lands taken. *State Highway Comm'n v. Dover, supra,* at 306. In eminent domain, the commissioners are required to make "a just and equitable appraisement of the value" of the property taken. *N. J. S. A.* 20:1–9. On appeal from the commissioners' award the court has no power to go beyond the clear direction of the statute to fix the value of the lands taken and damage by reason of such taking. *State Highway Comm'n v. Dey,* 110 *N. J. L.* 197, 198 (E. & A. 1932) ; *cf. State v. Cooper, supra,* 24 *N. J.* at 270.

Here the commissioner, whose rightful concern was with the total value of the fee in the lands, named as parties in the complaint not only the township, as "owner of record," but the original dedicator, Geisler, and his heirs and successors in interest, the South Hackensack Industrial Commission and those abutting landowners who might have an interest therein. The damages awarded took the place of the land with respect to all rights and interests dependent on and incident to it. 29A *C. J. S. Eminent Domain,* § 196, at 864 (1965) ; *State v. Nordstrom,* 54 *N. J.* 50, 53 (1969) ; *N. J. Highway Authority v. J. & F. Holding Co.,* 40 *N. J. Super.* 309, 314–315 (App. Div. 1956). The possibility of claims adverse to the claim of the township (the record re-

veals none such to date) did not preclude the rendition of a lump sum verdict which, since a fee had been taken, encompassed all interests in the land. *State v. New Jersey Zinc Co.,* 40 *N. J.* 560, 574 (1963) ; *Jala v. Berkeley Savings & Loan Ass'n,* 104 *N. J. Super.* 394, 402 (App. Div. 1969) ; *State Highway Comm'n v. Dey, supra,* at 199. Such being the case, the basic measure of damages was the fair market value of the lands taken, *Trenton v. Lenzner,* 16 *N. J.* 465, 475–478 (1954) ; *State Highway Comm'n v. Dover, supra,* 109 *N. J. L.* 306–307, plus any diminution in the value of the remainder due to the taking, *Sterner v. Nixon,* 116 *N. J. L.* 418 (E. & A. 1936) ; *State Highway Commissioner v. Azzolina Land Corp.,* 101 *N. J. Super.* 103, 106 (App. Div. 1968). The settlement of any question of title or of entitlement to the condemnation proceeds was not for the jury, *R.* 4:73–2, but was a matter which could be determined in ancillary proceedings, *R.* 4:73–9, formerly *R. R.* 4:92–10 and 11.

The judgment is affirmed.