753 A.2d 154 (2000)
332 N.J. Super. 210
BOROUGH OF KEYPORT, Plaintiff-Respondent,
v.
Stylianos MAROPAKIS, owner, Defendant-Appellant, and
Atlantic Bank of New York, mortgagee; Lawrence Kantor and Karen Kantor, grantees (easement); New Jersey Natural Gas Co., grantee (right-of-way), Defendants.
Superior Court of New Jersey, Appellate Division.
Argued April 11, 2000.
Decided June 23, 2000.
*156 Scott J. Wortman, Montclair, for defendant-appellant (Lentz & Gengaro, attorneys; Mr. Wortman, of counsel and on the brief).
Gordon N. Litwin, Ocean, for plaintiff-respondent (Ansell Zaro Grimm & Aaron, attorneys; Mr. Litwin, of counsel; Andrew J. Provence, on the brief).
Before Judges SKILLMAN, NEWMAN and FALL.
*155 The opinion of the court was delivered by FALL, J.A.D.
In this condemnation appeal, we examine application of the appeal-preclusion provision contained in N.J.S.A. 20:3-13(a) to a property owner who has failed to appear at the hearing of the appointed condemnation commissioners. We conclude that a property owner or other interested party (condemnee) who fails to appear, personally or through counsel, at the scheduled and noticed hearings of the condemnation commissioners is precluded from appealing to the Law Division from the report issued by the commissioners concerning the amount of compensation to be paid to the condemnee by the condemning authority. However, we also hold that the notice to the condemnee of the hearing of the condemnation commissioners, required by N.J.S.A. 20:3-12(c), must fairly apprise the condemnee of the appeal-preclusion consequence of the condemnee's failure to appear at the hearing. Here, we conclude the notice given to defendant, Stylianos Maropakis, failed to properly advise him that his failure to appear at the commissioners' hearing would prevent him from appealing to the Law Division from their report.
This appeal arises from the following undisputed facts and procedural history. On or about March 6, 1990, defendant purchased real property located at 62-66 West Front Street, in Keyport, for $195,000. On March 20, 1992, defendant applied for site plan approval to develop the property for commercial use, and submitted a revised application on May 10, 1993. During the pendency of the application, plaintiff, Borough of Keyport, expressed an interest in acquiring the property for public use. In or around 1994, defendant began negotiating with plaintiff regarding the sale of the property. Defendant offered to sell the property to plaintiff for $260,000 and then for $200,000. Plaintiff rejected these offers. Plaintiff had the property appraised, resulting in a value of $73,000. Plaintiff then offered to purchase the property for the appraised value, and defendant refused. Plaintiff had the property appraised again on January 6, 1997, also resulting in a value of $73,000. Plaintiff again offered defendant $73,000 for the property, and defendant again refused.
On June 17, 1997, plaintiff filed a verified complaint, declaration of taking, and an order to show cause in the Law Division, seeking an order authorizing plaintiff to commence a preliminary entry upon the property. The trial court entered an order on June 30, 1997, allowing the preliminary entry upon defendant's property. On November 21, 1997, plaintiff filed an amended verified complaint, naming all *157 other persons with an interest in the property as defendants and seeking condemnation of the property. That same day, the court entered an order for payment of $73,000 for the property to be paid to the court and authorized plaintiff to take immediate possession of the premises.
On January 9, 1998, the trial court entered an order for judgment, vesting with plaintiff the power of eminent domain to acquire the property and appointing condemnation commissioners to examine and appraise the property. The commissioners' hearing was scheduled for March 10, 1998, and on February 13, 1998, plaintiff provided all defendants, including Maropakis, with notice of same. The notice, in its entirety, provided, as follows:
Your are hereby given notice of a meeting of the Commissioners appointed in this action, to be held at the office of Commissioner, Adrienne H. McComber, Esq., McComber & McComber, 54 Shrewsbury Avenue, Red Bank, New Jersey 07701, on Tuesday, March 10, 1998 at 10 AM at which time the Commissioners will proceed with their duties and fix the compensation to be paid for the land and premises described in the complaint in this action including damage, if any, resulting from the taking to any remaining property.
However, neither defendant Maropakis, nor anyone on his behalf, appeared at the noticed hearing. At the hearing, plaintiff submitted the appraisal of $73,000 for the property. On March 18, 1998, the appointed commissioners, after hearing plaintiff's expert testimony and representations, recommended compensation be paid by plaintiff to defendant Maropakis in the amount of $87,375 as just compensation for the property.
On April 8, 1998, defendant filed a notice of appeal with the Law Division from the commissioners' recommended award within the time prescribed by R. 4:73-6(a). On April 15, 1998, plaintiff filed a motion to dismiss defendant's appeal, contending his failure to appear at the commissioners' hearing precluded his appeal, pursuant to N.J.S.A. 20:3-13(a). On May 19, 1998, defendant filed a cross-motion seeking an order denying the motion to dismiss and vacating the condemnation commissioners' award.
The trial court heard the motions on July 24, 1998. On December 21, 1998, the motion judge issued a written opinion denying defendant's motion to appeal the commissioners' decision. In denying defendant's motion to appeal, the judge stated, in pertinent part:
The issue before the court is whether a property owner's failure to appear before the commissioners at the condemnation hearing precludes the owner from appealing the valuation decision entered by the commissioners. Simply stated, the issue is whether N.J.S.A. 20:3-13, which allows an interested party who appears before the condemnation commissioners the right to appeal the decision of the commissioners, should be construed in the instant matter, to preclude [defendant] from appealing since he failed to appear at the hearing.
....
I find that [defendant] has not complied with the statute and hereby deny his motion to appeal the commissioners' valuation decision. His failure to appear before the condemnation commissioners at their valuation hearing, constituted a waiver of his right to appeal. [Defendant] could have and should have appeared before the commissioners even if he chose not to actively participate. See Com'r of Transp. v. Siris, 191 N.J.Super. 261, 271, 466 A.2d 96 (Law Div.1983). This is a prerequisite to the right to appeal. See N.J.S.A. 20:3-13(a). Moreover, I find no compelling reason why I should circumvent the statute and allow the appeal to go forward. To do so would be to allow the defendant a "second bite at the apple."
That opinion was memorialized in an order entered on February 17, 1999, denying *158 defendant's motion "to set aside and vacate the within action and thereby appeal the decision of the condemnation commissioners[.]" The judge further ordered plaintiff to pay $87,375 to defendant, representing the commissioners' recommended award for just compensation.
In his reply brief, defendant raises the following issue for the first time:
THE ONLY NOTICE OF THE MEETING OF THE COMMISSIONERS ALLEGEDLY RECEIVED BY APPELLANT-MAROPAKIS FAILED TO GIVE ACTUAL OR CONSTRUCTIVE NOTICE OF THE ALLEGED CONSEQUENCES OF NOT APPEARING AT THE MEETING.
Ordinarily, issues not raised below will not be considered. See Brock v. Public Serv. Elec. & Gas Co., 149 N.J. 378, 391, 693 A.2d 894 (1997); Ferraro v. Demetrakis, 167 N.J.Super. 429, 400 A.2d 1227 (App.Div.), certif. denied, 81 N.J. 290, 405 A.2d 834 (1979). However, if the issue is of special significance to the litigant, to the public, or to the achievement of substantial justice, and the record is sufficiently complete to permit its adjudication, we may consider it. See Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 230, 708 A.2d 401 (1998); Potter v. Village Bank of New Jersey, 225 N.J.Super. 547, 555, 543 A.2d 80 (App.Div.), certif. denied, 113 N.J. 352, 550 A.2d 462 (1988); Brower v. Gonnella, 222 N.J.Super. 75, 81, 535 A.2d 1006 (App.Div.1987). Here, while we disapprove of the procedures employed by defendant, we are satisfied our consideration of the notice issue is mandated because it involves the propriety of the form of notice used generally in condemnation actions, in view of our conclusion that N.J.S.A. 20:3-13(a) prevents a properly noticed condemnee from appealing from the report of the condemnation commissioners if that condemnee fails to appear at the condemnation commissioners' hearing.
The issues before us are, (1) whether the appearance of a condemnee at the hearings of the condemnation commissioners, "either personally or through an attorney," is a predicate to the condemnee's right to appeal the commissioners' valuation decision and, (2) if so, whether the condemnor has an obligation to notify the condemnee of the appeal-preclusion consequence of the failure to attend the hearings.
The statute at issue, N.J.S.A. 20:3-13 of the Eminent Domain Act, provides, in pertinent part:
(a) Parties. Any party who has appeared at the hearings of the commissioners, either personally or through an attorney, may appeal from the award of the commissioners. Such appeal shall be taken within the period and in the manner provided by the rules. The necessary parties to the appeal shall be only such parties who have appeared at the commissioners' hearings. Other parties may be admitted by the court pursuant to the rules.

[N.J.S.A. 20:3-13(a) (emphasis added).]
Our courts have "`emphasized repeatedly that when interpreting a statute, [the court's] overriding goal must be to determine the Legislature's intent.'" Cornblatt v. Barow, supra, 153 N.J. at 231, 708 A.2d 401 (quoting State, Dep't of Law & Pub. Safety v. Gonzalez, 142 N.J. 618, 627, 667 A.2d 684 (1995)). When the language is plain and unambiguous, the court must enforce the statute in accordance with its terms. Ibid. The plain language of the statute is the best means to determine the intent. Ibid. If the Legislature has not provided otherwise, words are to be given their "`ordinary and well-understood meanings.'" Ibid. (citations omitted). When interpretations can differ, the court must determine the legislative intent. Ibid.
In searching for the intent of N.J.S.A. 20:3-13(a), we are provided some guidance by consideration of the legislative history of this section. We trace the origins of the Eminent Domain Act of 1971 (the Act), N.J.S.A. 20:3-1 to -50, to Chapter 53 of *159 the Laws of 1900, which prescribed the procedures required in condemnation cases to ascertain and pay just compensation for the taking. L. 1900, c. 20, §§ 1 to 19. The procedures in the 1900 enactment are similar to those outlined in the current Act. Upon the filing of a petition seeking condemnation, the court was authorized to appoint three commissioners "to fix the compensation to be paid[.]" Id. at § 2. Once appointed, the commissioners were charged, on notice to the interested parties, to examine and appraise the property and file their report. Id. at § 5. In those cases where the right of appeal was given by statute, the condemnor or condemnee was permitted to appeal from the report of the commissioners by filing a notice of appeal with the court within ten days after the date by which the commissioners were required to file their report. Id. at § 9. The appeal proceedings and results were declared to be binding on all owners and interested parties named in the condemnation petition, and on all persons who appeared personally or through counsel at the hearing before the commissioners, if the appeal was taken only by or against the persons in possession of the property. Id. at § 10. Additionally, the notice of appeal was required to be served upon "persons in possession, and others, if any, who shall have appeared before the commissioners or their attorneys[.]" Ibid. However, the right to appeal to the court from the commissioners' award was not made dependent upon the appellant's appearance before the hearing of the condemnation commissioners.
In 1909, the Legislature enacted Chapter 150, amending section nine of Chapter 20 of the Laws of 1900 to permit an appeal by the condemnor or the property owner from the commissioners' report, whether the right to "an appeal has been or may be given by the statute conferring the power to take land or property for public use or not." L. 1909, c. 150, § 1. This right of appeal was continued in the enactment by the Legislature of Chapter 20 of the Laws of 1953. See L. 1953, c. 20, § 25. Section 20:1-18 of the Revised Statutes was also amended in 1953, to provide:
The appeal shall be sufficient and binding on all the owners and parties interested, known or unknown, named or designated as parties in the action, if it is brought by or against the persons in possession of the property and such other persons, if any, designated in the action for the appointment of commissioners, as shall have appeared personally or by attorney before the commissioners.

[L. 1953, c. 20, § 27 (emphasis added).]
The legislative history prior to 1971 reflects no requirement for the appearance at the commissioners' hearing, personally or through an attorney, of an owner or other interested party, as a condition precedent to an appeal from the commissioners' award. When delineating the rights of interested parties who had appeared at the commissioners' hearing, the prior legislative scheme focused on the class of condemnees bound to the results of the appeal process once the appeal was taken from the commissioners' award. Those condemnees who appeared at the commissioners' hearing, personally or through an attorney, were bound to the results of the appeal to the court from the commissioners' report.
In 1971, the Legislature enacted Chapter 361, which contains the current version of N.J.S.A. 20:3-13, permitting "[a]ny party who has appeared at the hearing of the commissioners, either personally or through an attorney," to appeal from the award of the commissioners. L. 1971, c. 361, § 13 (emphasis added). This section also delineates parties necessary to the appeal as, "only such parties who have appeared at the commissioners' hearings[,]" although, "[o]ther parties may be admitted by the court pursuant to the rules." Ibid. The 1971 enactment retains the delineation of those parties necessary to, and bound by, the appeal. However, *160 by its plain language, the Act limits the class of those eligible to appeal to those parties who have "appeared at the hearings of the commissioners, either personally or through an attorney[.]" Ibid.
It has been noted that "[t]he Legislature intended the commissioners' hearing to be meaningful, particularly for the property owner." Comm'r of Transp. v. Siris, 191 N.J.Super. 261, 268, 271, 466 A.2d 96 (Law Div.1983) (noting if the claims of the parties can be resolved at the hearing, the expense of litigation is less, and further, the hearing is the condemnee's first opportunity to learn about the State's case). We conclude the Legislature required the attendance of the property owner at the commissioners' hearing as a predicate to an appeal to ensure that the hearing is a meaningful step in the condemnation process, and to encourage the resolution of condemnation disputes through the utilization of the statutory procedure. See Siris, supra, 191 N.J.Super. at 269, 466 A.2d 96 (noting that "N.J.S.A. 20:3-13(a) indicates that the defendant, subject to loss of the right to appeal, need not appear at the commissioners' hearing." (emphasis added)); see also Edward D. McKirdy, Esq., et al., New Jersey Condemnation Practice § 10.3.6 (New Jersey Institute for Continuing Legal Education 1997) (stating that if a party does not appear either personally or through an attorney before the condemnation commissioners, that party may not appeal the award). To conclude otherwise would thwart the legislative purpose, blunting the effectiveness of the commissioners' hearing.
Defendant contends the trial court could have admitted him as a party defendant in the instant appeal in accordance with N.J.S.A. 20:3-13(a) which provides, "[o]ther parties may be admitted by the court pursuant to the rules." Defendant argues this portion of the statute authorizes the courts "to admit any party who declined to appear before the commissioners." The language of this portion of the statute, however, presumes the existence of a pending appeal. This provision in the statute permits the court to add other parties to a pending action. However, it does not provide authority to initiate the appeal itself nor does it establish a basis for avoiding attendance at the commissioners' hearing.
Having concluded that the language contained in N.J.S.A. 20:3-13(a) precludes an appeal by a condemnee who failed to appear at the hearing of the condemnation commissioners, we now turn to the issue of whether the condemnor is required, when notifying the condemnee of the time, date, and place of the condemnation commissioners' hearing, to further advise the condemnee of the appeal-preclusion consequences of the failure to attend the hearing. As we have noted, this issue was not briefed, argued, or raised before the trial judge by the defendant, nor on this appeal, until the filing of the reply brief. We consider this issue only because of its special significance to the public.
The Fifth and Fourteenth Amendments of the United States Constitution and Article 1, ¶ 20, of the New Jersey Constitution mandate the payment of just compensation for the taking of private property for public use. Comm'r of Transp. v. Silver, 92 N.J. 507, 513, 457 A.2d 463 (1983). The measure of compensation is the fair market value of the property as of the date of the taking. Village of S. Orange v. Alden Corp. 71 N.J. 362, 368, 365 A.2d 469 (1976). The Eminent Domain Act effectuates these constitutional mandates.
"The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review." Schneider v. City of East Orange, 196 N.J.Super. 587, 595, 483 A.2d 839 (App.Div.1984), aff'd, 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986) (emphasis added); see also Department of Community Affairs v. Wertheimer, 177 N.J.Super. 595, 599, 427 A.2d 592 (App. *161 Div.1980). "`Due process of law' includes reasonable notice of the nature of the proceeding and a fair opportunity to be heard therein." Weiner v. County of Essex, 262 N.J.Super. 270, 287, 620 A.2d 1071 (Law Div.1992) (emphasis added). "The fundamental requisite of notice involves `such notice as is in keeping with the character of the proceedings and adequate to safeguard the right entitled to protection.'" Wertheimer, supra, 177 N.J.Super. at 599, 427 A.2d 592 (quoting State v. Standard Oil Co., 5 N.J. 281, 305, 74 A.2d 565 (1950), aff'd, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951)). However, what due process demands depends upon the specific facts presented. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972); In re East Park High Sch., 314 N.J.Super. 149, 160, 714 A.2d 339 (App.Div.1998).
N.J.S.A. 20:3-12(c) provides, in pertinent part, that
[u]pon notice of at least 10 days, the commissioners shall hold hearings at which the parties and their witnesses may be heard, under oath, administered by any commissioner. The conduct of the hearings shall be governed by the rules of evidence except that testimony as to comparable sales shall be considered an exception to the hearsay rule....
The Act fails to specify the contents of the notice, but does vest jurisdiction in the court
of all matters in condemnation, and all matters incidental thereto and arising therefrom, including but without limiting the generality of the foregoing, jurisdiction to determine the authority to exercise the power of eminent domain; to compel the exercise of such power; to fix and determine the compensation to be paid and the parties entitled thereto, and to determine title to all property affected by the action.

[N.J.S.A. 20:3-5.]
Additionally, N.J.S.A. 20:3-7(a) provides that "[t]he procedure governing the action shall be in accordance with the rules." Other than requiring the presiding commissioner "to fix a hearing date," our present court rules do not address the issue of the notice of the commissioners' hearing, or its content. See R. 4:73-4. We have previously noted that:
In the absence of express provision, the form and contents of a notice required by a statute are dependent upon the wording of the statute construed in the light of its intent and purpose.
"Generally speaking, when a formal notice is required, it should give the necessary information, and must apprise the person whose rights are to be affected of what is required of him * * * a notice must be clear, definite, and explicit, and not ambiguous. The notice is not clear unless its meaning can be comprehended without explanation. * * *"
[Portage Shoe Mfg. Co. v. Reich, 53 N.J.Super. 600, 605, 148 A.2d 47 (App. Div.1959) (quoting C.J.S. Notice § 16, pp. 653-54).]
Accord, Frantz Equipment Co. v. Anderson, 37 N.J. 420, 430, 181 A.2d 499 (1962); Apex Roofing Supply Co. v. Howell, 59 N.J.Super. 462, 467, 158 A.2d 49 (App.Div.1960).
"It is without question that the government has an overriding obligation to deal forthrightly and fairly with property owners in condemnation actions." Jersey City Redevelopment v. Costello, 252 N.J.Super. 247, 257, 599 A.2d 899 (App.Div.1991); see also Kaprow v. Board of Educ. of Berkeley Township, 131 N.J. 572, 591, 622 A.2d 237 (1993); Hopkins v. Board of Review, 249 N.J.Super. 84, 90, 591 A.2d 1371 (App.Div.1991). While the purposes of the Act are to allow the acquisition of private property for public use and to direct the manner in which it may be acquired, Comm'r of Transp. v. South Hackensack Township., 111 N.J.Super. 534, 543, 269 A.2d 769 (App.Div.1970), certif. denied, 57 N.J. 433, 273 A.2d 60 (1971), the government is bound to observe the constitutional mandate of the payment of just compensation *162 for property taken in condemnation proceedings. Siris, supra, 191 N.J.Super. at 266, 466 A.2d 96.
In the light of the intent and purpose of the Act, the appeal-preclusion consequences of the failure to appear personally or through counsel at the commissioners' hearing, contained in N.J.S.A. 20:3-13(a), make that hearing a critical stage in the condemnation procedure. Because the right of property owners to just compensation for a taking through the exercise of the power of eminent domain is constitutionally founded, we are persuaded that a party entitled to notice of the commissioners' hearing is also entitled to notice of the appeal-preclusion consequences of the failure to appear. Without the right to appeal, the award of the commissioners becomes final, and is tantamount to entry of a default against the non-appearing party.
We find that the form of hearing notice used in this case is insufficient in that it fails to adequately advise property owners, or other interested parties, that should they fail to appear at the commissioners' hearing, personally or through counsel, they will not be permitted to appeal from the commissioners' report.
In view of our rulings and conclusions, we need not address the remaining issues raised in defendant's brief.
In summary, we affirm the interpretation of N.J.S.A. 20:3-13(a) by the trial judge that the failure of a properly noticed property owner or other interested party to appear at the hearing of the condemnation commissioners constitutes a waiver of the right of that party to appeal from the commissioners' award. However, because of the inadequacy of the content of the notice provided to defendant, we reverse and remand for appeal proceedings in accordance with N.J.S.A. 20:3-13. We do not retain jurisdiction.