**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3581-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEFFREY DESIR,

    Defendant-Appellant.

_____

> Argued November 30, 2020 – Decided   December 22, 2020
>
> Before Judges Fasciale and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 008-04-18.
>
> Santo T. Alampi argued the cause for appellant (Alampi & De Marrais, attorneys; Santo T. Alampi, on the brief).
>
> Craig A. Becker, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Craig A. Becker, on the brief).

PER CURIAM

Defendant Jeffrey Desir appeals from a March 11, 2019 order of the Law Division finding him guilty of three drug-related offenses after a de novo review of the record from the municipal court proceeding in accordance with Rule 3:23-8. We affirm.

We summarize the facts from the municipal court proceeding. On April 3, 2017, Officer Gil Maynard saw a man using his cellphone while driving. According to the officer, the driver "had his cell phone in his hand, and it was up to be seen . . . . [H]e was holding it in his right hand as he was driving." Maynard was unable to recall if the driver was talking on the speakerphone but "remember[ed] seeing the illumination of the cell phone . . . ." Based on these observations, the officer initiated a traffic stop. Prior to stopping the car, Maynard noticed the "license plate frame obstruct[ed] . . . a clear view of [the] license plate," in violation of New Jersey law. In reviewing the driver's credentials, Maynard identified the driver as Desir.

As Officer Maynard approached the vehicle, he "could smell the odor of marijuana," which he identified based on his police academy training. When Maynard asked about the marijuana smell, defendant said he smoked marijuana earlier. The officer asked defendant to step out of the car and called for backup. According to Maynard, defendant "was trembling, as if he was nervous."

2

Officer Maynard advised defendant that he would conduct a search the car based on the marijuana smell. During the search, defendant waited with Officer Joseph Windt, who responded to Maynard's call for backup.

Officer Maynard's search produced a "bag of greenish-brown vegetation" under the driver's seat, "a small envelope of rolling papers" hidden in the center console, and "a large amount of money . . . located in the glove compartment." The officer confronted defendant with these findings and saw defendant "grabbing at his pants . . . specifically in the groin area. And every time [defendant] pulled on his pants, [Officer Maynard] could smell marijuana, . . . which made [him] believe that there was something hidden in his pants." Defendant was arrested and taken to the police station.

At the station, Officer Maynard searched defendant. Although the officer found nothing initially, he continued to smell marijuana. In accordance with standard police procedure, Maynard attempted to remove defendant's belt. As soon as the officer grasped the belt, defendant spun towards Maynard and grabbed him. Because he continued to resist removal of his belt, additional officers had to restrain defendant.

A higher-ranking officer intervened and spoke with defendant, instructing him to cooperate. Defendant reached down into his pants and "pulled out three bags. One clear bag containing a . . . white, powdery

3

substance, with rocks in it that looked like . . . crack cocaine . . . [a]nd then . . . two smaller bags of a green vegetation which [Maynard] believed to be marijuana."

Defendant was charged with the following offenses: operating a vehicle while in possession of narcotics, N.J.S.A. 39:4-49.1; improper use of a cell phone while driving, N.J.S.A. 39:4-97.3; delaying traffic, N.J.S.A. 39:4-56; improper display or obstruction of a license plate, N.J.S.A. 39:3-33; failure to wear a seatbelt, N.J.S.A. 39:76.2(f); possession of marijuana, N.J.S.A. 2C:35-10(a)(4); possession of drug paraphernalia, N.J.S.A. 2C:36-2; resisting arrest, N.J.S.A. 2C:29-2(a)(1); and failure to turn over a controlled dangerous substance (CDS), N.J.S.A. 2C:36-10(c)(5).

A municipal court trial took place on February 28, 2018. Officers Maynard and Windt testified on behalf of the State. Defendant, represented by counsel, testified on his own behalf. After hearing the testimony and considering the evidence, the municipal court judge found defendant not guilty of possessing marijuana, delaying traffic, and failing to wear a seatbelt. However, the municipal court judge found defendant guilty of the remaining charges. He determined the officers' testimony to be credible and defendant's testimony "somewhat incoherent," "all over the place," and "absolutely incredible." The municipal court judge sentenced defendant to one-year

4

probation, suspended his license for two years, and imposed $3,491 in fines, fees, and court costs.

Defendant appealed his municipal court conviction to the Superior Court, Law Division. Before the Law Division judge, defendant, represented by new counsel, moved for the first time to suppress the physical evidence seized by Officer Maynard. On November 2, 2018, the Law Division judge conducted a trial de novo.

The Law Division judge issued a March 11, 2019 order and written decision, reversing defendant's convictions for improper display or obstruction of a license plate, resisting arrest, and improper use of a cell phone while driving. He upheld defendant's convictions for possession of drug paraphernalia, failure to turn over CDS, and operation of a motor vehicle while in possession of narcotics. Collectively, the Law Division judge sentenced defendant to one year of probation, two years' suspension of defendant's New Jersey driving privileges and $3,491 in fines, fees, and court costs.

On appeal, defendant raises the following arguments:

> Point I
>
> DEFENDANT/APPELLANT DID SHOW GOOD CAUSE WARRANTING CONSIDERATION OF DEFENDANT/APPELLANT'S SUPPRESSION MOTION.

Point II

DEFENDANT/APPELLANT WAS IMPROPERLY STOPPED ON APRIL 3, 2017 AND COUNSEL SHOULD HAVE MADE AN APPROPRIATE MOTION TO DISMISS AND SUPPRESS.

Point III

ASSUMING ARGUENDO THAT THE INITIAL MOTOR VEHICLE STOP WAS VALID, THE WARRENTLES SEARCH OF THE MOTOR VEHICLE WAS ILLEGAL.

"[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'" State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)). "In reviewing a trial court's decision on a municipal appeal, we determine whether sufficient credible evidence in the record supports the Law Division's decision." State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016). We must "determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). "When the reviewing court is satisfied that the findings and result meet this criterion, its task is complete and it should not disturb the result . . . ." Ibid.

A review of a municipal court conviction by the Superior Court is conducted de novo on the record. R. 3:23-8. The Superior Court should defer

to the municipal court's credibility findings. State v. Locurto, 157 N.J. 463, 470-71 (1999) (citing Johnson, 42 N.J. at 161-62). However, "[o]n a de novo review on the record, the reviewing court . . . is obliged to make independent findings of fact and conclusions of law, determining defendant's guilt independently but for deference to the municipal court's credibility findings." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 3:23-8 (2021).

We first consider defendant's argument that the Law Division judge erred in refusing to consider the motion to suppress evidence despite his failure to raise the issue in the municipal court.[1] He asserts there was good cause to excuse the failure to file a motion to suppress because he relied on his municipal court counsel, "was unaware of the procedural require[ments] with respect to such a motion," and did not know the failure to raise such a motion would constitute a waiver of that argument.

Rule 7:5-2(d), governing motions to suppress evidence, provides: "Unless otherwise ordered by the court for good cause, defendant's failure to make a pretrial motion to the municipal court pursuant to this rule shall constitute a waiver of any objection during trial to the admission of the evidence on the ground that the evidence was unlawfully obtained." In

---

[1] Contrary to plaintiff's assertion, the Law Division judge considered defendant's arguments on the merits despite his failure to file a motion to suppress evidence in the municipal court proceeding.

addition, "issues not raised below will not be considered" unless "the issue is of special significance to the litigant, to the public, or to the achievement of substantial justice, and the record is sufficiently complete to permit its adjudication . . . ." Borough of Keyport v. Maropakis, 332 N.J. Super. 210, 216 (App. Div. 2000) (first citing Brock v. Pub. Serv. Elec. & Gas Co., 149 N.J. 378, 391 (1997) and then citing Alan J. Cornblatt, P.A. v. Barrow, 153 N.J. 218, 230 (1998)).

Here, the Law Division judge found defendant "had the opportunity to raise the suppression issue before the [municipal] court but failed to do so" and failed to establish good cause to excuse his misstep, rendering it inappropriate for the suppression issue to be raised for the first time on the appeal to the Law Division.

Nevertheless, the Law Division judge considered the merits of a motion to suppress the physical evidence as if it had been raised in the municipal court proceeding. Defendant argued the traffic stop was improper because there was no "articulable and reasonable suspicion" supporting the stop. The Law Division judge concluded that had the suppression motion been presented in municipal court, "the illumination of [defendant's] phone while in his hand provided adequate reasonable suspicion to justify an investigatory stop." He further explained that while there "might have [been] some speculative

innocent explanation" why light was radiating from the phone, defendant's conduct could also be reasonably "consistent with illegal conduct."

"Law enforcement officers 'may stop motor vehicles where they have a reasonable or articulable suspicion that a motor vehicle violation has occurred.'" State v. Barrow, 408 N.J. Super. 509, 517 (App. Div. 2009) (quoting State v. Murphy, 238 N.J. Super. 546, 553 (App. Div. 1990)). Reasonable suspicion is present when an officer is "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Ibid. (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)). Reasonable suspicion is less burdensome than a preponderance of the evidence or probable cause but must be more "than an 'inchoate or unparticularized suspicion' or 'hunch.'" Ibid. (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). In other words, "[t]he State need not prove that the suspected motor vehicle violation has in fact occurred, only that the officer has a reasonable, articulable, and objective basis for justifying the stop." Id. at 518 (citing Locurto, 157 N.J. at 470).

N.J.S.A. 39:4-97.3 provides:

> The use of a wireless telephone or electronic communication device by an operator of a moving motor vehicle on a public road or highway shall be unlawful except when the telephone is a hands-free wireless telephone or the electronic communication

device is used hands-free, provided that its placement does not interfere with the operation of federally required safety equipment and the operator exercises a high degree of caution in the operation of the motor vehicle.

"In evaluating the facts giving rise to the officer's suspicion of criminal activity, courts are to give weight to 'the officer's knowledge and experience' as well as 'rational inferences that could be drawn from the facts objectively and reasonably viewed in light of the officer's expertise.'" State v. Citarella, 154 N.J. 272, 279 (1998) (quoting State v. Arthur, 149 N.J. 1, 10-11 (1997)). An officer may still have reasonable suspicion even if the acts could be construed as "purely innocent" so long as "a reasonable person would find the actions are consistent with guilt." Id. at 279-280 (quoting Arthur, 149 N.J. at 11).

Having reviewed the record, we are satisfied there was sufficient credible evidence in the record to support the Law Division judge's finding reasonable suspicion to stop defendant's car. Officer Maynard, who was deemed credible by the municipal court judge, testified he saw defendant holding an illuminated phone while driving. As noted by the Law Division judge, although there may have been innocent explanation for the phone's illumination, the facts presented were reasonably consistent with conduct

10

prohibited under N.J.S.A. 39:4-97.3 and therefore it was not unreasonable for Officer Maynard to stop defendant's car.

We next consider defendant's argument that if the stop was valid, the officer lacked probable cause to search his car.[2] In reviewing the record, we disagree the officer lacked probable cause to search defendant's car.

The automobile exception "authorize[s] [a] warrantless search . . . when the police have probable cause to believe that the vehicle contains contraband or evidence of an offense and the circumstances giving rise to probable cause are unforeseeable and spontaneous." State v. Witt, 223 N.J. 409, 447 (2015) (citing State v. Alston, 88 N.J. 211, 233 (1981)). Probable cause "requires nothing more than a practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. Nishina, 175 N.J. 502, 515 (2003) (quoting State v. Johnson, 171 N.J. 192, 214 (2002)).

"New Jersey courts have [long] recognized that the smell of marijuana itself constitutes probable cause 'that a criminal offense ha[s] been committed and that additional contraband might be present.'" State v. Walker, 213 N.J.

---

[2] Defendant failed to raise this argument before the municipal court judge and the Law Division judge. We consider defendant's substantive assertion but note, in accordance with Rule 2:6-1 and Rule 7:5-2(d), the argument was waived.

281, 290 (2013) (quoting Nishina, 175 N.J. at 516-17). The odor of marijuana gives rise to probable cause to conduct a warrantless search in the immediate area from where the smell emanated. State v. Myers, 442 N.J. Super. 287, 297, n.5 (App. Div. 2015).

Once an officer smells marijuana emanating from a vehicle, the officer has probable cause to arrest the driver, as well as to search the vehicle incident to arrest. State v. Judge, 275 N.J. Super. 194, 202-03 (App. Div. 1994). There is no requirement that suspected marijuana be found during the search. See State v. Vanderveer, 285 N.J. Super. 475, 479 (App. Div. 1995) (holding the difference in the drugs found – cocaine rather than marijuana – does not invalidate a search based on the odor of marijuana, even where no marijuana was found).

Here, Officer Maynard stopped defendant's car based on a reasonable suspicion that defendant was using his cell phone while driving. As the officer approached defendant's car, he detected an odor of raw marijuana. Maynard asked about the source of the smell and defendant admitted he smoked marijuana earlier. Officer Maynard then explained he was going to search defendant's car based on the marijuana smell and that search found suspected drugs, drug paraphernalia, and a large amount of cash.

Having reviewed the testimony, we are satisfied that had a motion challenging the warrantless search of defendant's car been presented to the municipal court judge, the motion would have been denied based upon Officer Maynard's credible testimony and application of the "plain smell" doctrine.

Further, defendant present no evidence that he had a license to legally possess marijuana for medical use pursuant to the New Jersey Compassionate Use Medical Marijuana Act (CUMMA), N.J.S.A. 24:6I-1 to -16. Moreover, the CUMMA did not replace the "plain smell" doctrine. Rather, the CUMMA "create[d] a limited exception allowing possession of marijuana for medical use by qualifying patients who obtain the appropriate registry identification card." Myers, 442 N.J. Super. at 298, 303 (holding the odor of marijuana gave police probable cause to arrest defendant absent any indication that defendant, or anyone in his car, was a registered qualifying patient or otherwise authorized to possess medical marijuana).

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3581-18T1