222 N.J. Super. 75 (1987)
535 A.2d 1006
ALICE BROWER AND HERBERT BROWER, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
PETER J. GONNELLA, JR. AND DAVID DUNSKY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1987.
Decided December 31, 1987.
*76 Before Judges MICHELS, SHEBELL and ARNOLD M. STEIN.
*77 Lewis M. Seagull argued the cause for appellants (Shevick, Ravich, Koster, Tobin, Oleckna & Reitman, attorneys; Kenneth N. Lipstein, on the brief).
Hari G. Ahrens argued the cause for respondent Peter J. Gonnella, Jr. (Golden, Lintner, Rothschild, Spagnola & DiFazio, attorneys; Hari G. Ahrens, on the brief).
Lisa A. Ganzhorn argued the cause for respondent David Dunsky (McDermott, McGee & Ruprecht, attorneys; Lisa A. Ganzhorn, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Plaintiffs, Alice Brower, a passenger injured in an automobile collision, and her husband Herbert, who sued per quod, appeal from a jury verdict of no negligence entered in favor of defendants David Dunsky and Peter J. Gonnella, Jr. Plaintiffs allege that their motion "to amend the complaint to name an additional defendant was improperly denied," as were their "motions for judgment and new trial." They also allege that "[t]he trial court's charge to the jury constitutes plain error."
On November 11, 1984, between 8:00 and 8:20 p.m., plaintiff Alice was a passenger in the car driven by her brother-in-law, defendant David Dunsky, as it proceeded along Franklin Avenue in Belleville. It was a "raining and slippery" evening. Dunsky contends that the car in front of him "swerved to the left and stopped" causing him to "hit [his] brakes real hard." The first car was driven by Jane (fictitious first name) Liloia and owned by her husband Mario Liloia. Dunsky avoided contact with the Liloia vehicle; however, almost simultaneous with his stopping his vehicle was struck in the rear by a vehicle driven by defendant Peter Gonnella, Jr.
Dunsky testified that the roads were wet, and that he was traveling about 25 m.p.h. at a distance of approximately two car lengths behind the Liloia vehicle. Gonnella asserted that he too *78 was aware of the wet road conditions and was also traveling at approximately 25 m.p.h.
Gonnella testified at trial to being "about two car lengths" behind Dunsky, which appeared to contradict his deposition testimony that he was 15 feet behind Dunsky's vehicle. Gonnella denied knowing the length of a car in feet. On cross examination, plaintiffs' attorney elicited that Gonnella is a carpenter and very familiar with measuring distances in feet. The attorney attempted to establish that Gonnella's estimate of 15 feet given during his deposition was the correct distance. Gonnella maintained that "I said two car lengths, and 15 feet was what I thought could have been two car lengths." The impact of the collision pushed the Dunsky vehicle approximately two feet forward but it did not contact the Liloia vehicle even after being pushed by the Gonnella vehicle. After submission to the jury, verdicts of no cause for action were returned in favor of defendants Dunsky and Gonnella.
A recitation of the procedural history of this case is helpful. On May 15, 1985, plaintiffs filed their original complaint against Peter Gonnella, Sr. and Peter Gonnella, Jr. On July 18, 1985, the Gonnellas filed an answer and a third-party complaint against David Dunsky, the driver of the vehicle in which plaintiff was a passenger, and John Doe. Dunsky filed an answer to the third-party complaint, dated August 29, 1985. On May 14, 1986, an order was entered allowing plaintiffs to amend their complaint to name Dunsky as a direct defendant. Trial was scheduled for October 20, 1986, but the case was not reached until December 16, 1986.
On September 11, 1986, plaintiffs filed a motion to amend their complaint to add Jane Liloia as a defendant to the action. This motion was denied on October 24, 1986. On October 20, 1986, plaintiffs filed a separate complaint against Jane Liloia and Mario Liloia, alleging negligence arising out of the same accident. By motion dated November 21, 1986, the Gonnellas filed a motion to allow the filing and service of a *79 third-party complaint against Jane Liloia and Mario Liloia. An order was entered on December 9, 1986, denying this request.
On December 5, 1986, plaintiffs filed a motion to adjourn the Brower v. Gonnella and Dunsky trial, and to consolidate it with the Liloia trial. The record fails to show any disposition of this motion.
The complaint against Peter Gonnella, Sr., was dismissed by the trial judge during the jury trial of December 16 and 17, 1987, on his finding of no agency between the owner and operator of the Gonnella vehicle. Following the adverse jury verdict, plaintiffs filed a motion for judgment or in the alternative for a new trial dated December 19, 1986, which was denied.
Plaintiffs' motion to amend their complaint to add Jane Liloia was filed three months before the actual commencement of trial, and one month before the originally scheduled trial date of October 20, 1986. This was over a year after the filing of plaintiffs' original complaint and two months after the first amendment naming Dunsky as a direct defendant. Plaintiffs' only explanation for the delay in seeking to add Liloia as a party was a reference to the fact that a substitution of attorneys occurred after the first leave was granted to amend the complaint.
Defendants apparently did not feel that adding Liloia would prejudice them, as plaintiffs' motion was unopposed by either defendant. Even after plaintiffs' motion to amend was denied, defendant Gonnella made a motion to join the Liloias as third-party defendants, which the court also denied. All parties obviously felt that Liloia was a necessary party. There are no reasons stated in the record for the trial court's denial of these motions. We assume that trial calendar considerations were the basis for denial.
R. 4:9-1, "Amendments," states in full:
A party may amend his pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial *80 calendar, at any time within 20 days after it is served. Thereafter a party may amend his pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice. A motion for leave to amend shall have annexed thereto a copy of the proposed amended pleading. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period is longer, unless the court otherwise orders. [Emphasis supplied].
Even though leave to amend is to be freely granted, there necessarily remains an "area of judicial discretion in denying such motions where the interests of justice require." Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 299 (App.Div.), certif. den. 75 N.J. 528 (1977). However, denial of such a motion in the "interests of justice" is usually only required when there would be prejudice to another party. "Broad power of amendment is contemplated by the rules [R. 4:9-1] at any stage of proceedings, and is permitted except when justice to a party prejudiced thereby requires that it be forbidden." Jersey City v. Hague, 18 N.J. 584, 602 (1955). Defendants did not seek to offer evidence that they would be prejudiced by the proposed amendment to plaintiffs' complaint; rather, one defendant sought to add the Liloias as a party.
Of course, "progressive judicial policy in permitting amendments, generally, is not intended to afford a refuge to languid or dilatory litigants." Branch v. Emery Transportation Co., 53 N.J. Super. 367, 375 (App.Div. 1958). Here, however, plaintiffs' motion was filed one month before the first scheduled trial date and three months before actual trial. We do not perceive that if the motion had been granted the interests of justice or proper judicial administration would have been offended.
No justification under court rules can be found for the denial of the motion. We find an abuse of discretion in view of the failure to show any undue prejudice to the other parties and the absence of any history of dilatory tactics by counsel in the prosecution of the claim. Even where calendar control considerations are entitled to substantial weight, the trial court must *81 determine what course of action will further the interests of justice. This is the purpose of the court's concern for running an efficient calendar. The running of an efficient calendar must be recognized as a means to that end.
Here, the interests of justice required allowing the amendment to the complaint to add Liloia. "[T]he achievement of substantial justice is the fundamental consideration." Jersey City v. Hague, 18 N.J. at 602. See Springfield Tp. v. Board of Educ., 217 N.J. Super. 570, 576 (App.Div. 1987) (trial judge "would have mistakenly exercised his discretion had he not permitted these late pleading amendments" regarding issues raised after entry of pretrial order); Miltz v. Borroughs-Shelving, a Div. of Lear, 203 N.J. Super. 451, 459-60 (App.Div. 1985) (trial court properly exercised discretion in barring plaintiff from asserting claims at trial not raised in her pleadings which would have unduly prejudiced defendants); Swisscraft Novelty Co. v. Alad Realty Corp., 113 N.J. Super. 416, 424-25 (App.Div. 1971) (trial court erred in denying plaintiffs motion to amend complaint and pretrial order to assert a new cause of action based upon the elapsing of time).
It is no answer that plaintiffs may still have their day in court against the Liloias in the separate action now pending. The nature of defendants' "sudden stop" defenses required that one trial be held which would include as a party the defendant who allegedly precipitated the required sudden stopping by the two other vehicles. Plaintiffs should not be subjected to the risk of inconsistent jury findings in two separate trials. They might well lose both cases in circumstances where the blameless plaintiffs apparently should recover from one or more of the defendants.
Plaintiffs now claim that the trial court's charge to the jury mandates reversal, although they did not object to the charge at the time. Therefore, this issue is one of plain error, a fact not noted by plaintiffs in their brief as required by R. 2:6-2(a)(1). Plaintiffs' argue that the charge was confusing *82 because it did not appear to permit a verdict against only one defendant.
Plaintiffs base this contention on that part of the charge wherein the trial judge stated, "You may find both of the defendants negligent or neither depending upon your view of their conduct [in] the case." We find no error as the judge went on to say "if you find neither or only one of the defendants negligent, that is the end of the case. Then you report your verdict." The charge must be read as a whole, and "portions of a charge alleged to be erroneous cannot be dealt with in isolation...." State v. Wilbely, 63 N.J. 420, 422 (1973). Our review of the entire charge satisfies us that the jury was properly instructed that they could find both defendants, neither defendant, or just one defendant negligent.
Pursuant to R. 4:40-1, plaintiffs made a motion for judgment against defendants prior to the submission of the case to the jury. Again, following the jury verdict, plaintiffs renewed their motion for judgment and alternatively moved for a new trial pursuant to R. 4:40-2(b) and R. 4:49-1. Motions for judgment under R. 4:40-1 and 4:40-2 (judgment n.o.v.) are to be tested by
whether the evidence, together with the legitimate inferences therefrom, could sustain a judgment in . .. favor of the party opposing the motion, i.e., if, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied. [Dolson v. Anastasia, 55 N.J. 2, 5 (1969)].
If some evidence to exculpate defendants exists, the court may not concern itself with the "worth, nature or extent" of the evidence.
As stated in Dolson:
It is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle and the traffic upon and condition of the highway. Stackenwalt v. Washburn, 42 N.J. 15, 30 (1964). Failure to do so resulting in a collision, is negligence and a jury should be so instructed. [Id. at 10; emphasis in original].
*83 Nonetheless, if the jury were to accept either defendant's contention of a not-to-be-anticipated sudden stop, it might arguably support a finding of no causal connection between that defendant's negligence in following too closely and the collision in question. Thus, the motions for judgment were properly denied.
We reverse. The jury verdicts are set aside and the matter is remanded with instructions that this action and the action of Brower v. Liloia be consolidated for trial.