280 N.J. Super. 507 (1995)
656 A.2d 11
G & W, INC., T/A G & W TOWING, PLAINTIFF-APPELLANT,
v.
BOROUGH OF EAST RUTHERFORD, STARS AND STRIPES, INC., T/A ROADMASTERS TOWING, INC., AND JOHN OCCHIUZZIO AND SON, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 6, 1994.
Decided March 29, 1995.
*510 Before Judges STERN and HUMPHREYS.
Barry S. Goodman argued the cause for appellant (Greenbaum, Rowe, Smith, Ravin & Davis, attorneys; Mr. Goodman of counsel; and Ms. Nancy Isaacson on the brief and reply brief).
Joan Atkins Porro argued the cause for defendant, Borough of East Rutherford (Porro and Porro, attorneys; Ms. Atkins Porro on the brief).
Andrea A. Angera, argued the cause for defendant, Stars and Stripes, Inc., t/a Roadmasters Towing (A. William Sala, Jr. of counsel; and Mr. Angera on the brief).
The opinion of the court was delivered by HUMPHREYS, J.S.C. (temporarily assigned).
Plaintiff G & W, Inc., a towing company, charges the defendant municipality and two towing companies with conspiring to exclude plaintiff from the towing business in East Rutherford. Plaintiff seeks damages contending that the defendants violated (1) the New Jersey Antitrust Act ("Act"), N.J.S.A. 56:9-3 and N.J.S.A. 56:9-4a; (2) the New Jersey Local Public Contracts Law, N.J.S.A. *511 40A:11-1 et seq.; and (3) the Federal Civil Rights Act, 42 U.S.C.A. § 1983.
The motion judge found "no intent by the defendants to deprive G & W from towing in the borough." The judge therefore entered a summary judgment dismissing the complaint. The judge also denied plaintiff's cross-motion for the entry of a partial summary judgment declaring that the municipality violated the Local Public Contracts Law. A year earlier, the judge had denied plaintiff's motion to add the municipal police chief and members of the borough council as defendants.
Plaintiff appeals these decisions. We reverse and remand as set forth in this opinion.

I
We have carefully reviewed the record and considered the briefs and oral argument. We conclude that read indulgently in favor of the plaintiff, see Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75, 110 A.2d 24 (1954), the facts and inferences therefrom support a conclusion that the defendant municipality acting in concert with the other defendants has wrongfully restricted the towing business in East Rutherford to those defendants and thereby excluded plaintiff.
This conclusion is based on the following probative evidence supporting plaintiff's position: (1) Plaintiff has been seeking a share of the towing business in East Rutherford for the last ten years. Its applications are regularly denied or otherwise rebuffed. (2) Defendant Roadmasters Towing, Inc. ("Roadmasters") refuses to pay East Rutherford for a towing license but still gets the municipal towing business. (3) Roadmasters apparently uses municipal land for its towing business without paying any rent. (4) Roadmasters makes political contributions to public officials in East Rutherford. (5) The President of Roadmasters is an old and good friend of the East Rutherford Police Chief. The police are instrumental in deciding who gets the towing business. (6) The Attorney General advised East Rutherford in 1986 that its towing *512 arrangements with Roadmasters violated the antitrust laws. Despite that advice, East Rutherford continued the arrangements. (7) In 1989, the Attorney General issued a formal opinion that a municipality which elects to provide municipal towing services through private vendors can only do so by public advertisement and bidding. Notwithstanding the Attorney General's opinion, East Rutherford and the defendant towing companies continued their exclusive relationship.
Based on the foregoing, a trier of fact could conclude that the New Jersey Antitrust Act has been violated. That Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, in the State, shall be unlawful." N.J.S.A. 56:9-3.
The Act also provides that "[i]t shall be unlawful for any person to monopolize, or attempt to monopolize, or to combine or conspire with any person or persons, to monopolize trade or commerce in any relevant market within this State." N.J.S.A. 56:9-4a.
Private parties who are injured by violations of the Act may recover treble damages and attorneys' fees and costs. N.J.S.A. 56:9-12a.
In interpreting the New Jersey Act, federal cases should be looked to for guidance. The Act expressly provides that it "shall be construed in harmony with ruling judicial interpretations of comparable Federal antitrust statutes and to effectuate, insofar as practicable, a uniformity in the laws of those states which enact it." N.J.S.A. 56:9-18. See also Van Natta Mech. Corp. v. Di Staulo, 277 N.J. Super. 175, 188, 649 A.2d 399 (App.Div. 1994).
To prove a claim under the comparable sections of the Federal Antitrust Laws, the plaintiff must prove four elements: (1) the defendants contracted, combined or conspired among each other; (2) the combination or conspiracy produced adverse, anti-competitive effects within the relevant product and geographic markets; (3) the objects of and the conduct pursuant to that contract or conspiracy were illegal; and (4) the plaintiffs were *513 injured as a proximate result of that conspiracy. Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 572 (3rd Cir.1986).
Generally, only unreasonable restraints of trade are illegal. Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 60-66, 31 S.Ct. 502, 515-18, 55 L.Ed. 619, 645-47 (1911). Exceptions to this "rule of reason" are certain practices and agreements which are considered always harmful to competition and are therefore per se illegal. White Motor Co. v. United States, 372 U.S. 253, 261, 83 S.Ct. 696, 701, 9 L.Ed.2d 738, 745 (1963). "A `rule of reason' violation of antitrust law requires proof of intent as well as proof of agreement to restrain trade, ... while a per se violation may require proof of agreement only." State v. New Jersey Trade Waste Ass'n, 96 N.J. 8, 20, 472 A.2d 1050 (1984). Plaintiff does not allege that this violation is per se illegal.
The monopoly power has been defined as the power to control prices or to exclude competition. See United States v. E.I. duPont deNemours & Co., 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1956). Monopolization does not require the actual exclusion of competitors; it only requires existence of that power. See American Tobacco Co. v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946). The requisite intent to commit a monopoly offense is willfulness in acquiring or maintaining the monopoly power. See United States v. Grinnel Corp., 384 U.S. 563, 570-71, 86 S.Ct. 1698, 1703-04, 16 L.Ed.2d 778, 786 (1966).
The use of monopoly power to gain a competitive advantage by destroying or eliminating competitors is an offense under the Federal Antitrust Laws. Lorain Journal Co. v. United States, 342 U.S. 143, 150, 72 S.Ct. 181, 184-85, 96 L.Ed. 162, 169 (1951). People have the right to engage in a lawful business and they are injured within the meaning of the Federal Antitrust Laws if they are wrongfully prevented from exercising this right. See Fine v. Barry and Enright Productions, 731 F.2d 1394, 1397 (9th *514 Cir.1984), cert. denied, 469 U.S. 881, 105 S.Ct. 248, 83 L.Ed.2d 186 (1984).
Summary judgment in antitrust cases is not favored. In Poller v. Columbia Broadcasting System, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464 (1962), the United States Supreme Court stated:
We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot. It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of "even handed justice."
See also Arnold Pontiac-GMC, Inc., supra, 786 F.2d at 572; Kimmelman v. Henkels & McCoy, Inc., 208 N.J. Super. 508, 519, 506 A.2d 381 (App.Div. 1986), rev'd in part, 108 N.J. 123, 527 A.2d 1368 (1987). Moreover, summary judgment is generally not appropriate when motive, intent and the credibility of witnesses are involved, as they are here. See Judson, supra, 17 N.J. at 76, 110 A.2d 24; Allen v. Planning Bd. Tp. of Evesham, 137 N.J. Super. 359, 363-64, 349 A.2d 99 (App.Div. 1975).
As set forth earlier in this opinion, plaintiff has presented "significant probative evidence," see Arnold Pontiac-GMC, Inc., supra, 786 F.2d at 572, supporting the conclusion that the defendants conspired with each other to (1) restrain trade in the towing business in East Rutherford, (2) create and perpetuate a monopoly in East Rutherford for the defendant towing companies, and (3) exclude plaintiff from participating in that towing business. In view of that evidence, plaintiff's antitrust claims cannot be dismissed by summary judgment.

II
Plaintiff contends that the defendants have conspired to deprive and have deprived it of a property right in violation of the Fourteenth Amendment of the United States Constitution and § 1983 of the Federal Civil Rights Act. The Federal Civil Rights *515 Act, 42 U.S.C.A. § 1983, creates "`a species of tort liability' in favor of persons who are deprived of `rights, privileges, or immunities secured' to them by the Constitution." Carey v. Piphus, 435 U.S. 247, 253, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252, 258 (1978).
A critical issue in this case is whether plaintiff has a constitutionally protectable property right. Plaintiff must show "a mutually recognized entitlement, as opposed to a unilateral expectation of a benefit, to establish the existence of a property interest." Durham v. Jones, 698 F.2d 1179, 1181 (11th Cir.1983).
If plaintiff can show that (1) it was intentionally and wrongfully excluded from the towing business in East Rutherford, (2) under the law public bidding should have been conducted, and (3) with public bidding it would have likely obtained some towing business, then plaintiff was deprived of a constitutionally protectable property interest. Since resolution of this issue depends on the above facts, the issue should not have been decided on a motion for summary judgment.

III
The judge found that "as a matter of law, [] the Borough of East Rutherford did not violate the Local Public Contracts Law by not soliciting bids for towing services within the Borough." The judge therefore denied plaintiff's cross-motion for a summary judgment declaring that East Rutherford had violated the Local Public Contracts Law, N.J.S.A. 40A:11-1 et seq. We agree with the judge's denial of the plaintiff's cross-motion but not with the judge's reasoning.
The judge based his decision on his conclusion that municipal officials and others were confused as to whether the absence of public bidding would be a violation of the Local Public Contracts Law. Whether the municipal officials were acting out of confusion or as part of a conspiracy with the other defendants is an important issue in this case. The defendants contend they relied on a memorandum from the Bergen County Prosecutor allegedly *516 supporting their position that public bidding was not required. On the other hand, the Appellate Division concluded in an opinion in 1973 that public bidding was required for towing services. Kurman v. City of Newark, 124 N.J. Super. 89, 93-94, 304 A.2d 768 (App.Div.), certif. denied, 63 N.J. 563, 310 A.2d 477 (1973). The court said that because "Newark by virtue of the proposed contract is passing the [towing] charge onto the owner, does not alter the basic fact that the work is being performed for Newark by the contractor." Ibid. Accord 426 Bloomfield Corp. v. Newark, 262 N.J. Super. 384, 387, 621 A.2d 59 (App.Div. 1993).
In addition, the Attorney General had advised the municipality and had also issued a written opinion that public bidding was required for towing services. These facts together with the other facts set forth earlier in this opinion clearly raise material issues of fact as to whether the municipal conduct here was bona fide. These factual issues must be determined at trial and therefore plaintiff's cross-motion for summary judgment on this issue cannot be granted.

IV
In October, 1990, some six months after the filing of the complaint, plaintiff sought to add the mayor, police chief and members of the borough council as additional defendants. The court denied the motion. Plaintiff moved again for this relief in February of 1992. The court denied the motion on the ground that it had previously denied the "identical" motion and that to allow additional parties would further delay and complicate the matter.
Motions for leave to amend should be liberally granted. See R. 4:9-1; Brower v. Gonnella, 222 N.J. Super. 75, 80-81, 535 A.2d 1006 (App.Div. 1987) (where opponent to motion for leave to amend to add a party would not be prejudiced, the interests of justice require allowing the amendment). Such motions should generally be granted even if the ultimate merits of the amendment are uncertain. See City Check Cashing v. Nat. St. Bank, 244 *517 N.J. Super. 304, 308-09, 582 A.2d 809 (App.Div.), certif. denied, 122 N.J. 389, 585 A.2d 391 (1990); Tomaszewski v. McKeon Ford, Inc., 240 N.J. Super. 404, 411, 573 A.2d 501 (App.Div. 1990).
Here the amendment has merit. Public officials may be sued under 42 U.S.C.A. § 1983 in their individual capacity for civil rights violations. See Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Adding these parties should not delay resolution of this case. Counsel for plaintiff stated at oral argument before us that if the amendment were permitted, he would not seek further discovery. The trial judge's denial of the motion was not justified and is reversed.
We reverse and remand for further proceedings consistent with this opinion.