NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3618-15T3

DOROTHY GONZALEZ,

 Plaintiff-Appellant,

v.

MARK MICHALSKI and LAURA
MICHALSKI,

 Defendants-Respondents.
______________________________

 Submitted May 15, 2017 – Decided June 7, 2017

 Before Judges Nugent and Geiger.

 On appeal from Superior Court of New Jersey,
 Law Division, Passaic County, Docket No. L-
 872-14.

 Michael A. Mark, attorney for appellant.

 Leonard S. Miller, attorney for respondents.

PER CURIAM

 Plaintiff Dorothy Gonzalez appeals from a December 2, 2015

order denying her motion to amend her complaint, and a March 31,

2016 order dismissing her complaint with prejudice. We reverse.

 Plaintiff and defendants, Mark Michalski and Laura Michalski

were formerly next-door neighbors. The complaint alleges that
defendant committed numerous petty disorderly persons acts of

harassment in violation of N.J.S.A. 2C:33-4 by: (1) shining a

strong spotlight into her window; (2) erecting a fence on her

property in violation of local law; (3) placing dog feces on their

common property line; (4) telling plaintiff, "I'll burn your house

down" after she installed video surveillance cameras on her house;

and (5) several other acts. Based on this alleged conduct,

plaintiff sought compensatory damages, punitive damages, and

attorneys' fees for defendants' harassment.

 On the morning of the trial date, defendants hand-served a

motion "in limine" to dismiss plaintiff's complaint with prejudice

for failure to state a claim upon which relief may be granted.

After hearing oral argument, the trial judge issued a written

opinion granting the motion and dismissing the complaint with

prejudice.

 The trial court should not have entertained defendant's

dispositive motion on the day of trial. Seoung Ouk Cho v. Trinitas

Reg'l Med. Ctr., 443 N.J. Super. 461, 472 (App. Div. 2015), certif.

denied, 224 N.J. 529 (2016). In fact, this was the sixth trial

date. In Cho, we held that, "absent extraordinary circumstances

or the opposing party's consent, the consideration of an untimely

summary judgment motion at trial and resulting dismissal of a

complaint deprives a plaintiff of due process of law." Id. at

 2 A-3618-15T3
475. The same analysis applies to an untimely motion under Rule

4:6-2(e).

 Defendants contend that we should affirm the dismissal of the

complaint because plaintiff's claims lack merit. "[W]e utterly

reject the argument that the dismissal should be affirmed, despite

the violation of [court] rules, because plaintiffs suffered no

prejudice in the dismissal of claims that lack merit. The right

to due process is not limited to worthy causes." Id. at 474-75.

 We reverse the dismissal of plaintiff's complaint and remand

the matter for trial. The trial judge can address the sufficiency

of plaintiff's proofs at the close of plaintiff's case.

 Plaintiff's complaint alleges a cause of action for

harassment. Eight months after filing the complaint, plaintiff

sought leave to amend to add a claim for intentional infliction

of emotional distress. The motion record demonstrates that no new

facts were alleged, and no new parties were added in the proposed

amended complaint. Plaintiff's motion was unopposed. The trial

court denied the motion because there had been at least one prior

trial date, and granting leave to amend "would unduly delay

resolution of this matter." The record demonstrates that there

were numerous unrelated trial delays after the motion was denied.

 Nothing in the record indicates the amendment would have

created the need for additional discovery. Consequently, the

 3 A-3618-15T3
trial court's conclusion that permitting the amendment would have

delayed the trial appears unfounded. Moreover, defendants did not

contend that they would prejudiced by the amendment.

 "Rule 4:9-1 requires that motions for leave to amend be

granted liberally." Kernan v. One Wash. Park Urban Renewal

Assocs., 154 N.J. 437, 456 (1998). Motions for leave to amend

"should generally be granted even if the ultimate merits of the

amendment are uncertain." G & W, Inc. v. Borough of E. Rutherford,

280 N.J. Super. 507, 516 (App. Div. 1995); see also Interchange

State Bank v. Rinaldi, 303 N.J. Super. 239, 256 (App. Div. 1997)

(motions for leave to amend should be liberally granted without

consideration of the ultimate merits of the amendment). The "broad

power of amendment should be liberally exercised at any stage of

the proceedings, including on remand after appeal, unless undue

prejudice would result." Pressler & Verniero, Current N.J. Court

Rules, comment 2.1 on R. 4:9-1 (2017).

 Nevertheless, "the granting of a motion to file an amended

complaint always rests in the court's sound discretion." Kernan,

supra, 154 N.J. at 457. While trial courts are free to deny leave

to amend when the newly asserted claim is not sustainable as a

matter of law, Interchange State Bank, supra, 303 N.J. Super. at

256-57, the trial court here did not engage in that analysis when

it denied leave to amend.

 4 A-3618-15T3
 The trial court abused its discretion by denying plaintiff's

unopposed motion to amend the complaint. On remand, plaintiff

shall be permitted to amend her complaint to add the claim for

intentional infliction for emotional distress.

 Reversed and remanded. We do not retain jurisdiction.

 5 A-3618-15T3