**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3890-23

GEORGE T. HAYES III,

     Plaintiff-Appellant,

v.

BANK OF NEW YORK MELLON,
a/k/a THE BANK OF NEW YORK,
MR. COOPER, NATIONSTAR
MORTGAGE LLC, VERIPRO
SOLUTIONS INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, a/k/a MERS, BANK
OF AMERICA,[1] CWHEQ INC.,
and THIRD BIRCH LLC,

     Defendants-Respondents.

_____

Submitted September 18, 2025 – Decided October 31, 2025

Before Judges Marczyk and Bishop-Thompson.

---

[1] In the complaint, plaintiff identified this party as Bank of America. In its motion to dismiss, Bank of America, N.A. stated it had been improperly pleaded as Bank of America.

On appeal from the Superior Court of New Jersey, Chancery Division, Sussex County, Docket No. C-000044-23.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Carol A. DiPrinzio (Winston & Strawn LLP) attorney for respondents Bank of America, NA, Mortgage Electronic Registration Systems, and CWHEQ Inc. (Carol A. DiPrinzio, on the brief).

Friedman Vartolo LLP, attorneys for respondent Third Birch, LLC (Michael Eskenazi, on the brief).

PER CURIAM

Plaintiff George T. Hayes III sought leave to file a second amended complaint to add an undisclosed third party and a forgery claim. He now appeals from two orders: the June 20, 2024 order denying his motion to reconsider the May 14, 2024 order denying his motion for leave to file a second amended complaint, and the August 5, 2024 order denying his motion to recuse the trial court, vacate all orders dismissing his amended complaint, and reopen the litigation and allow him to file a second amended complaint. We affirm.

A-3890-23

I.

The following facts are alleged in the proposed second amended complaint and derived from the record.[2] In September 2006, plaintiff and his then-wife, Melissa A. Hayes,[3] executed a note and second mortgage loan in favor of Countrywide Home Loans, Inc (Countrywide) in the amount of $74,610 for a property in Newton. Plaintiff claimed the intended purpose of obtaining the loan from Countrywide was to refinance a twenty-year mortgage held with Quicken Loans. He further claimed Countrywide did not provide a closing packet. Specifically, he had not received a fully executed note, mortgage, or settlement statement to review or sign. Nor did he receive documentation confirming the Quicken Loans note was paid in full.

The Countrywide mortgage stated defendant Mortgage Electronic Registration Systems, Inc (MERS) would act solely as a nominee for Countrywide or its successors and assigns, and MERS was a mortgagee. The

---

[2]   Plaintiff's motion for leave to file a second amended complaint was procedurally flawed. Rather than annex the proposed pleading to his motion, plaintiff incorporated his proposed amended complaint within the body of his notice of motion for leave to file an amended complaint.

[3]   Melissa A. Piazza f/k/a Melissa A. Hayes is not a party to this matter. The couple divorced in 2009, and Piazza relinquished her interest in the property by executing a quitclaim deed.

A-3890-23

mortgage further recited plaintiff mortgaged, granted, and conveyed the property to MERS and its successors and assigns. On September 29, 2006, the mortgage was recorded with the Sussex County Clerk's Office.

In 2010, plaintiff filed for Chapter 7 bankruptcy. Plaintiff acknowledged he signed the Countrywide note in his bankruptcy petition. The note was discharged.

The mortgage was subsequently assigned to three lenders. In July 2012, MERS assigned the mortgage to defendant Bank of New York Mellon (BONY Mellon), as trustee for defendant CWHEQ, Home Equity Asset-Backed Certificates, Series 2006-S7 (CWEHQ). That assignment was recorded on July 10, 2012.

Defendant Bank of America, N.A. (BANA) subsequently transferred servicing of the loan to defendant Nationstar Mortgage LLC in November 2013. MERS recorded another assignment of the mortgage to BONY Mellon on July 11, 2014. In April 2016, Nationstar reported a charge-off of plaintiff's note and transferred servicing of the note to defendant Veripro Solutions Inc. (Veripro). Plaintiff alleged he discovered in June or July 2022 that Veripro was the last servicer of record for the Countrywide loan. He further alleged, despite repeated

requests to Veripro for validation of the debt, he did not receive proof to his satisfaction.

BONY Mellon's assignment of the mortgage to defendant Third Birch was recorded on January 27, 2023. Nine months later, on September 26, 2023, the assignment from BONY Mellon to MERS was recorded to "fix [a] break-in chain caused by [the] assignment recorded" on July 11, 2014.

Plaintiff attempted to sell his home; however, he asserts he was unable to complete the sale due to the January 2023 lien. In October 2023, plaintiff, proceeding self-represented, filed a complaint against defendants seeking to quiet title to the property, and asserting claims for slander of title, negligent misrepresentation, fraud, and violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. He also sought to prevent defendants from asserting a lien.

Shortly thereafter, in November, plaintiff amended his complaint reasserting the same claims as in the original filing. In both complaints, plaintiff alleged the Countrywide note was discharged in his Chapter 7 bankruptcy in 2010. Plaintiff also challenged the validity of the note and assignments of the mortgage.

A-3890-23

The trial court granted defendants' motion to dismiss plaintiff's amended complaint under Rule 4:6-2(e) in three separate orders, each accompanied by a statement of reasons: (1) the February 20, 2024 order in favor of Third Birch and BANA and MERS (collectively, BANA defendants); (2) the April 26, 2024 order in favor of CWHEQ's unopposed motion; and (3) the April 8, 2024 order in favor of BONY Mellon, Nationstar, and Veripro (collectively, BONY Mellon defendants). Plaintiff moved to reconsider only the BANA defendants' dismissal order, which was denied on February 24, 2024.

Plaintiff sought leave to file a second amended complaint. He claimed, during the pendency of the litigation in approximately January 2024, he discovered Merrill Lynch was involved as an undisclosed third-party in the payoff of the Quicken Loans note. He further alleges that, in March 2024, he discovered the HUD-1 settlement statement was forged. Defendants moved to dismiss under Rule 4:6-2(e).

In a May 14, 2024 order, accompanied by a statement of reasons, the court denied plaintiff's motion. It observed plaintiff had signed the note and mortgage in 2006 and subsequently acknowledged both the debt and validity of the note and mortgage during the bankruptcy proceeding in 2010. After accepting plaintiff's allegations as true and citing relevant case law, the court concluded

A-3890-23

his proposed claims would not be sustainable as a matter of law, and therefore, his proposed amended complaint was futile.

Dissatisfied with the order, plaintiff moved for reconsideration. The court explained it had considered and rejected the same arguments plaintiff presented on reconsideration, including the allegations of fraud related to the HUD-1 statement, which "d[id] not refute the validity of the [n]ote and the [m]ortgage." Accordingly, the court concluded plaintiff had not presented sufficient evidence to establish the proposed claims would be sustainable. It further found reconsideration of the May 14 order would not serve the interest of justice for reconsideration, and therefore, denied the motion on June 20, 2024.

Plaintiff moved to recuse the trial court. This motion was denied in the August 5, 2024 order. In its statement of reasons, the court concluded plaintiff did not establish any "actual prejudice or appearance of prejudice."

II.

On appeal, plaintiff contends the trial court erred in denying both his motion to amend the complaint and motion for reconsideration. He argues the interests of justice required the trial court to reconsider the order denying leave to amend and permit the filing of an amended complaint. Plaintiff further argues the court did not make a finding defendants would be unduly prejudiced as a

7

result of the proposed amendments.  Nor did defendants establish they would suffer any prejudice.  Plaintiff renews the arguments presented before the trial court.  We are not persuaded.

A.    Motion to Amend Complaint.

We are guided by the principle that "[w]e review a trial court's decision to grant or deny a motion to amend for [an] abuse of discretion."  Grillo v. State, 469 N.J. Super. 267, 275 (App. Div. 2021) (quoting Port Liberte II Condo. Ass'n v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014)).  "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'"  Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted)).

"Rule 4:9-1 requires that motions for leave to amend be granted liberally."  Kernan v. One Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 456 (1998) (citing Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:9-1 (1998)).  Liberality applies "even if the ultimate merits of the amendment are uncertain."  G&W, Inc. v. Borough of E. Rutherford, 280 N.J. Super. 507, 516 (App. Div. 1995).  In considering the proposed amendment, a court must treat all the

allegations in the pleadings as true. <u>Webb v. Witt</u>, 379 N.J. Super. 18, 28 (App. Div. 2005).

These motions are within "the sound discretion of the trial court in light of the factual situation existing at the time each motion is made." <u>Fisher v. Yates</u>, 270 N.J. Super. 458, 467 (App. Div. 1994) (citing <u>R.</u> 4:9-1). "That exercise of discretion requires a two-step process—whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." <u>Notte v. Merchs. Mut. Ins. Co.</u>, 185 N.J. 490, 501 (2006). If it is clear an amendment is meritless and cannot withstand dismissal under <u>Rule</u> 4:6-2, it is not an abuse of discretion to deny the motion to amend. <u>See</u> <u>Bustamante v. Borough of Paramus</u>, 413 N.J. Super. 276, 298 (App. Div. 2010). The court may also consider "the reason for the late filing," whether an amendment would "cause undue delay of the trial, or constitute an effort to avoid another applicable rule of law." <u>Bldg. Materials Corp. of Am. v. Allstate Ins. Co.</u>, 424 N.J. Super. 448, 485 (App. Div. 2012).

We have considered plaintiff's contentions in light of the record and these legal principles. While the court found there would be no prejudice to defendants, it correctly determined the amendments would be futile. Plaintiff's proposed amended complaint was fraught with internal inconsistencies: (1) his

9

claims of late discovery of Merrill Lynch's "undisclosed" involvement and alleged forgery, despite acknowledging during bankruptcy proceedings that he signed the note and mortgage documents; (2) his assertion he did not benefit from the Countrywide loan, while admitting the disbursed funds from Merrill Lynch were used to pay off his prior Quicken loan; and (3) his acknowledgment of signing the note and mortgage documents while simultaneously challenging their validity, as well as the HUD-1 statement.

Despite plaintiff's arguments to the contrary, we are not convinced there is a need for discovery of accounting records and loan accounts to understand the involvement of Countrywide and Merrill Lynch in 2006. Accepting plaintiff's allegations in the complaint as true, the facts before us demonstrate plaintiff acknowledged he signed the note and mortgage documents, and the Quicken Loan was discharged in bankruptcy. Thus, we discern no error in the court's sound ruling denying plaintiff's motion to amend and file a second amended complaint.

B.    Motion for Reconsideration.

We likewise review a trial court's decision on whether to grant or deny a motion for rehearing or reconsideration for an abuse of discretion. JPC Merger Sub LLC v. Tricon Enters., Inc., 474 N.J. Super. 145, 160 (App. Div. 2022)

(citing Pitney Bowes Bank, 440 N.J. Super. at 382). "Where the order sought to be reconsidered is interlocutory, as in this case, Rule 4:42-2 governs the motion." Ibid. Under that Rule, "interlocutory orders 'shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.'" Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (quoting R. 4:42-2). This Rule calls for a "far more liberal approach to reconsideration." Ibid.

Plaintiff restates his argument that the note and mortgage were signed under "fraudulent circumstances," and therefore were not fully executed. He further argues the 2010 bankruptcy had no bearing on the validity of the loan. Accordingly, the court's reasoning should be abandoned.

The trial court considered and rejected plaintiff's arguments in his initial motion and on reconsideration. Plaintiff's arguments do not dispel his acknowledgment that the note and mortgage were valid. Plaintiff's dissatisfaction with the denial of his motion to amend did not warrant reconsideration. Even under Rule 4:42-2, reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

A-3890-23

C.    Motion for Recusal.

Lastly, plaintiff's merits brief does not address the provision of the August 5, 2024 order denying his motion to recuse the trial court. Thus, "an issue not briefed is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2026); see Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief). For these reasons, we decline to reach the recusal issue.

To the extent we have not addressed any of plaintiff's remaining arguments, those arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3890-23