**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0099-24

YOSEF HAIM MINZBERG,[1]

    Plaintiff-Appellant,

v.

SHIMON GRINBERGER,
SIMCHA KLOR, and
MIREL KLOR,[2]

    Defendants-Respondents,

and

NEWPORT ESTATES, LLC,

    Defendant/Intervenor-Respondent.

_____

Argued December 4, 2025 – Decided February 27, 2026

Before Judges Marczyk and Bishop-Thompson.

---

[1] Plaintiff's name appears as "Yosef Haim Minzberg" in all pleadings, except for the merits brief, which refers to him as "Haim Yosef Minzberg." For consistency, we will use the correct identification in this opinion.

[2] Defendants' last name, misspelled as "Klohr," is correctly spelled "Klor." We will use the correct spelling in this opinion.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1971-22.

Yifat V. Schnur argued the cause for appellant (YVLS Law, attorneys; Yifat V. Schnur, on the briefs).

Kelsey McGuckin Anthony argued the cause for respondents Shimon Grinberger and Newport Estates, LLC (Dasti, McGuckin, McNichols, Connors, Anthony and Buckley, attorneys; Jerry J. Dasti, of counsel and on the brief).

Mark F. Heinze argued the cause for respondent Simcha Klor (Ofeck & Heinze, LLP, attorneys; Mark F. Heinze, on the brief).

Matthew N. Fiorovanti argued the cause for respondent Mirel Klor (Giordano, Halleran & Ciesla, PC, attorneys; Matthew N. Fiorovanti, of counsel and on the brief).

PER CURIAM

In this real estate dispute, plaintiff Yosef Haim Minzberg appeals from three Law Division orders: the September 6, 2024 order amending the July 19, 2024 order; the August 16, 2024 order dismissing Minzberg's amended complaint against defendants Shimon Grinberger, Simcha and Mirel Klor,[3] and defendant intervenor Newport Estates, LLC (Newport) in its entirety; and the July 19, 2024 amended order granting summary judgment in favor of

---

[3] To avoid confusion, we refer to Simcha and Mirel Klor by their first names, as they share the same last name. In doing so, we intend no disrespect.

A-0099-24

Grinberger, Simcha, Mirel, and Newport, cancelling and discharging the lis pendens, and ordering the stay of the pending arbitration between the defendant and intervenor remain in effect. Based on our review of the parties' arguments, the record, and the applicable law, we reverse and remand, in part and dismiss in part.

I.

We discern the material facts from the summary judgment record, viewing the evidence in a light most favorable to the non-moving party. See Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 71 (2024).

A. The Newport – Klors transaction.

Newport was initially owned solely by Grinberger. Subsequently, ownership became jointly held by Grinberger and his equal partner, Shimshon Bandman. In 2019, Newport held title to the undivided Block 501, Lot 1.01 in Lakewood. Newport and the Klors entered into a contract for the purchase of Lot 1.01, in which they agreed to subdivide the existing lot into two new lots: Lots 1.11 and 1.12 (the Property).

On October 31, 2019, Newport executed a deed granting Block 501, Lot 1.01 in favor of the Klors. A covenant in the deed provided:

> At [Newport]'s cost, there will be a subdivision of Lot 1.01 into proposed Lots 1.11 and 1.12. [The Klors]

A-0099-24

shall transfer proposed Lot 1.12 [the Property] to [Newport] promptly after filing of the subdivision map and [Newport] shall promptly record such deed. [The Klors are] restricted from transferring title to any portion of existing Lot 1.01 until after the subdivision map is filed and the deed transferring proposed Lot 1.12 to [Newport] (or [Newport]'s designee) has been recorded. This restriction shall expire in [one] year and [thirty] days.

Newport timely obtained the minor subdivision and filed the subdivision map with the Ocean County Clerk's Office.

B. The Grinberger – Minzberg transaction.

Prior to Minzberg's purchase of the Property, Minzberg's son met with the Klors. According to Minzberg, the Klors represented there were "no issues" with the purchase or the proposed residential development of the lot, provided Minzberg retained the existing privacy fence and the septic tank.

On March 3, 2021, Minzberg and Grinberger entered into a contract for the purchase of the Property for $299,000. Unbeknownst to Minzberg, Grinberger did not hold legal title to the Property. Grinberger represented himself as the owner of the Property but did not disclose the identity of the actual owner.

The contract did not stipulate the parties' obligations were contingent upon the conveyance of the Property from the Klors to Newport Estates, or to

4

Grinberger individually, such that Grinberger could convey the Property to Minzberg. However, paragraph 21 stated:

> Title. If title is unmarketable or uninsurable, [Grinberger] will have [thirty] days to dispose of the title defect. If [Grinberger] cannot do so absent litigation, either party may terminate the [c]ontract, although [Minzberg] has the final right to accept title as-is before Buyer may terminate the [c]ontract.

On June 23, 2021, Grinberger's counsel sent an email, stating: "Grinberger hereby terminates the contract. As we now realize, [] Klor is in title and therefore [] Grinberger does not have the legal authority to transfer title to [] Minzberg." Minzberg did not demand title "as-is" in lieu of termination, nor did he accept the attempted termination. Instead, Minzberg exercised his right to refuse termination by offering to secure title from the Klors.

Following the June 2021 email, the parties continued discussions concerning the Klors in an effort to facilitate conveyance of title to Minzberg. From September 2021 through April 2022, Minzberg and Grinberger exchanged text messages regarding the steps needed to proceed to closing. By June 2022, however, Grinberger notified Minzberg the Klors were refusing to sign over the deed, and expressed his own reluctance to compel them to do so.

Upon learning of the Klors's refusal to cooperate with the Property transfer, Minzberg's son spoke with Simcha regarding Simcha's previously

5

A-0099-24

stated promise not to interfere with Minzberg's purchase. According to a recording of the conversation, both Simcha and Mirel were present. During this meeting, Simcha acknowledged his earlier commitment to deed back the Property, but asserted it had been predicated on erroneous information. Although Minzberg offered to resolve any concerns related to the septic system, Simcha declined to engage further, stating: "I have to want to give it and at this point I don't want to give it."

C. The Litigation.

On September 6, 2022, Minzberg initiated this action against Grinberger and Simcha, asserting causes of action for (1) fraud; (2) violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210; (3) breach of contract, (4) specific performance, and (5) promissory estoppel against Simcha, seeking specific performance of the contract. Minzberg subsequently amended his complaint to add Mirel as a defendant.

The motion judge permitted Newport to intervene, and on June 20, 2023, Newport and Grinberger asserted crossclaims against the Klors for breach of contract, seeking the entry of final judgment requiring the Klors to convey clear title to the Property. Both Simcha and Mirel filed an answer and crossclaim of fraud against Newport and Grinberger, alleging misrepresentation regarding the

A-0099-24

location of the septic field prior to the close of their transaction. Simcha therefore sought the entry of judgment and an injunction against enforcement of the deed covenant.

Before the close of discovery, Grinberger and Newport moved for summary judgment. During the pendency of the motion, the Klors's depositions were held. Based on new information revealed during those depositions, Minzberg moved to file a second amended complaint to add two causes of action: tortious interference with contractual relations and tortious interference with prospective contractual relations, both against the Klors.

Following the submission of supplemental briefing and oral argument, on July 19, 2024, the motion judge granted summary judgment in favor of all defendants and Newport. The judge denied Minzberg's motion to amend the complaint as to the Klors.

## II.

We review de novo a trial court's ruling on a motion for summary judgment, applying the same standard used by the trial court. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 124-25 (2023). "[A]ppellate review of the grant [or denial] of summary judgment is limited to the record that existed before the motion judge." E.S. ex rel. G.S. v. Brunswick Inv. Ltd. P'ship, 469 N.J.

Super. 279, 286 (App. Div. 2021). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

III.

A.  Summary judgment on the breach of contract claim.

We first address Minzberg's argument the motion judge erred in granting summary judgment on the breach of contract claim. He contends there was a material factual dispute as to whether Grinberger effectively terminated the contract, given the ongoing discussions between the parties and Minzberg's exercise of his contractual right to accept the property "as-is." Minzberg also asserts the reasonableness of any delay of the contractual option was a question of fact that should have been presented to the jury for determination.

The trial court's interpretation of a contract is also reviewed de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018). When reviewing a contract, we pay "no special deference to the trial court's interpretation and look at the contract with fresh eyes." Kieffer v. Best Buy, 205 N.J. 213, 223 (2011). Courts enforce contracts based on the parties' intent, the underlying purpose of the

8

contract, and the surrounding circumstances.  Cypress Point Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 415 (2016).  However, if legal issues "hing[e] upon a party's mental state [they] generally are not appropriate for resolution by way of summary judgment."  CPC Intern., Inc. v. Hartford Acc. & Indem. Co., 316 N.J. Super. 351, 376 (App. Div. 1998).

Based on the motion record, a genuine issue of material facts has been presented.  The parties dispute whether Minzberg properly exercised his right to accept title "as-is."  Minzberg maintains he exercised his contractual option without delay, while Grinberger and Newport argue Minzberg failed to exercise the option for several years following the alleged termination of the contract.  This dispute encompasses "the classic question of what [a party] knew and when it knew it," which "depends critically upon a determination" of the party's state of mind.  Ibid.  This issue constitutes a clear example of a material factual dispute, which is properly reserved for determination by a jury.  The parties' credibility, as well as any evidence offered in support of their respective arguments, are matters for the jury to assess in light of the testimony of witnesses at trial, and not for resolution by the motion court.  Id. at 377.

A-0099-24

B.  Summary judgment on the CFA claim.

Minzberg next argues the motion judge erred in granting summary judgment in favor of Grinberger on Minzberg's CFA claim.  Minzberg asserts there are genuine issues of material facts in dispute regarding whether Ginberger's conduct constituted a "material misrepresentation" of his authority to sell the Property and whether Grinberger qualified as a "seller" within the scope of the CFA.

"The CFA was enacted to 'provide[ ] relief to consumers from "fraudulent practices in the market[place]."'"  Dugan v. TGI Fridays, Inc., 231 N.J. 24, 50 (2017) (first alteration in original) (quoting Lee v. Carter-Reed Co., L.L.C., 203 N.J. 496, 521 (2010)).  The CFA, however, has reasonable limits despite the broad statutory language.  See Lee v. First Union Nat'l Bank, 199 N.J. 251, 262-63 (2009).

In the context of real estate transactions, our Supreme Court has limited the application of the CFA to professional sellers of residential housing— namely, those persons engaged in the business of building or developing residential housing—and the brokers representing them.  Strawn v. Canuso, 140 N.J. 43, 59-60 (1995).  The critical inquiry here is whether Grinberger qualified as a professional real estate seller who is subject to the requirements of the CFA.

A-0099-24

During his deposition, Grinberger admitted he has been a real estate investor since he entered the workforce in 2020. This testimony establishes Grinberger's occupation as a real estate developer, presenting a genuine question of material fact as to whether he engaged in an "unconscionable business practice" within the meaning of N.J.S.A. 56:8-2. This is particularly relevant because Grinberger did not own Lot 1.12 at the time he executed the purchase contract with Minzberg, yet represented himself as the owner. See Byrne v. Weichert Realtors, 290 N.J. Super. 126, 134-35(App. Div. 1996) (discussing the applicability of the CFA to professional sellers and the scope of unconscionable business practices).

C.  Summary judgment on the promissory estoppel claim.

Minzberg contends the motion judge erred in sua sponte dismissing his promissory estoppel claim against the Klors. He argues neither Simcha nor Mirel moved for summary judgment before the court.

In March 2024, Mirel moved for summary judgment against Minzberg, seeking dismissal of the promissory estoppel claim. Her motion was subsequently denied without prejudice on April 12, 2024, because discovery was not yet completed. Mirel did not renew her motion for summary judgment. Similarly, Simcha never moved for summary judgment on this issue.

11

We note the motion judge did not employ the minimal procedural requirements of due process in sua sponte dismissing Minzberg's claim against the Klors. As our Supreme Court has recognized, "[t]he minimum requirements of due process of law are notice and an opportunity to be heard." Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001) (citing Doe v. Poritz, 142 N.J. 1, 106 (1995)). The record demonstrates the motion judge did not abide by these requirements in sua sponte dismissing Minzberg's amended complaint with prejudice, finding all claims against the Klors were derivative of the contract. Absent from the record is any indication of the motion judge's effort to notify Minzberg of his pending sua sponte consideration, which ultimately deprived Minzberg of his right to be heard on this issue. The motion judge's ruling reflects a "swift disposition of [this claim] at the expense of fairness and justice," which we cannot condone. Klier, 337 N.J. Super. at 83.

In sum, we are persuaded this matter was not ripe for summary judgment. Genuine issues of material fact remain to be explored at trial, specifically regarding the transfer of the deed from the Klors to Grinberger and the full scope of the transaction between Minzberg and Grinberger. See Mangual v. Berezinsky, 428 N.J. Super. 299, 306-09 (App. Div. 2012).

A-0099-24

IV.

Minzberg also appeals from the denial of his motion to amend his complaint to add two causes of action for tortious interference with contractual relations and tortious interference with prospective contractual relations, both against the Klors. The motion judge denied the motion to amend solely on its determination Grinberger properly terminated the real estate contract.

We "review a trial court's decision to grant or deny a motion to amend the complaint for abuse of discretion." Hopson v. Cirz, 482 N.J. Super. 232, 263 (App. Div. 2025) (quoting Grillo v. State, 469 N.J. Super. 267, 275 (App. Div. 2021)). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted)).

"Rule 4:9-1 requires that motions for leave to amend be granted liberally." Kernan v. One Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 456 (1998) (citing Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:9-1 (1998)). Liberality applies "even if the ultimate merits of the amendment are uncertain." G&W, Inc. v. Borough of E. Rutherford, 280 N.J. Super. 507, 516 (App. Div.

13                                                                    A-0099-24

1995). In considering the proposed amendment, a court must treat all the allegations in the pleadings as true. Webb v. Witt, 379 N.J. Super. 18, 28 (App. Div. 2005).

The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Teamsters Loc. 97 v. Slate, 434 N.J. Super. 393, 412 (App. Div. 2014) (first internal quotation marks omitted) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). Thus, we consider only "'the legal sufficiency of the facts alleged on the face of the complaint.'" Nostrame v. Santiago, 213 N.J. 109, 127 (2013). In doing so, we "give[] the plaintiff the benefit of 'every reasonable inference of fact.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)).

These motions are within "the sound discretion of the trial court in light of the factual situation existing at the time each motion is made." Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994) (citing R. 4:9-1). The record reflects the motion judge did not properly exercise discretion. He did not engage in the two-step process—whether the Klors would be prejudiced and whether granting the second amended complaint would be futile. See Notte v. Merchs.

14

Mut. Ins. Co., 185 N.J. 490, 501 (2006).  Rather, the judge equivocally stated, "If [he] dismissed the Minzberg complaint there [was] no reason for [him] to allow an amendment of the claim to bring in a new claim . . . any claim [Minzberg] has against the Klors are derivative of a breach of contract."  The judge consequently denied the motion.

Having considered Minzberg's contentions in light of these records and legal principles, we are satisfied the proposed second amended complaint presents "the fundament of a cause of action." Teamsters Loc. 97, 434 N.J. Super. at 412-13 (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (1989)).  As noted, we found the trial court erred in dismissing the contract claim.  Moreover, accepting Minzberg's allegation as true, the facts demonstrate the Klors were aware of the contract between Minzberg and Grinberger, and Grinberger could not convey title unless and until the Klors deeded the Property back to Grinberger.  The Klors refused to do so.  Under these facts, we discern the motion judge erred in denying Mizenberg's motion to amend and file a second amended complaint.

V.

Following the filing of their respective answers, the Klors and Grinberger—individually and on behalf of Newport—agreed to arbitrate their

15

crossclaims before the Rabbinical Court. Minzberg was not a party to the arbitration. The litigation was stayed until it was restored to the active trial list on March 1, 2024. Thereafter, Simcha moved to dismiss the crossclaims in favor of arbitration. On April 13, 2024, the motion judge denied the motion but stayed the crossclaims pending arbitration. During oral argument, Mirel's counsel represented the dispute had been resolved following the dismissal of Minzberg's complaint on summary judgment.

Minzberg does not appeal from the April 13, 2024 order. Therefore, we do not consider any challenge related to an order not listed in the Notice of Appeal or the Appellate Case Information Statement. See Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider order not listed in notice of appeal); see also Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994), aff'd o.b., 138 N.J. 41 (1994) (issue raised in brief but not designated in notice of appeal not properly before the court).

Even if Minzberg were to appeal from the April 13, 2024 order, we would not consider this argument, which was not raised before the trial judge. "It is a well-settled principle that [we] will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation

is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'"  Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).   None of these exceptions apply to Minzberg's argument.

Lastly, we deem this issue moot because defendants have resolved their crossclaims in a confidential settlement agreement.  "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'"  Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).  Moreover, this issue is also moot because the controversy no longer exists, and the issue presented has been resolved.  See Caput Mortuum v. S & S, 366 N.J. Super. 323, 330 (App. Div. 2004) (citing Advance Elec. Co. v. Montgomery Twp. Bd. of Educ., 351 N.J. Super. 160, 166 (App. Div. 2002), certif. denied, 174 N.J. 364 (2002)) (stating "[o]ur courts generally will not decide a case if . . . a judgment cannot grant effective relief.").  Therefore, we dismiss this argument.

A-0099-24

In light of our decision, we need not address Minzbeg's remaining arguments. Reversed and remanded in part for proceedings consistent with this opinion, and dismissed in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M. C. Harley*

Clerk of the Appellate Division

18

A-0099-24